Larry **KABAT**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 85S00–8910–PC–770.

Supreme Court of Indiana.

April 10, 1991.

Susan K. Carpenter, Public Defender, Kenneth L. Bird, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

In 1965, appellant entered a plea of guilty to the First Degree Murder of his infant daughter by force-feeding lye to her. In subsequent years, he tried on several occasions to obtain the services of the office of the State Public Defender. However, he was unsuccessful in this endeavor. In 1973, appellant's parents obtained the services of Ferd Samper, Jr. to represent appellant in a post-conviction relief proceeding. Evidence was heard in that proceeding and on March 7, 1974 the trial court entered findings of fact and conclusions of law and denied appellant post-conviction relief.

When appellant and his parents inquired of Mr. Samper the possibilities of an appeal, he stated that he would need an additional fee whereupon appellant's parents determined that they could not raise the required money. Appellant then again contacted the Public Defender's Office but met with a series of delays during which time a Deputy Public Defender filed a "Petition For Permission To File Belated Motion To Correct Errors," which the trial court denied in June of 1977. Although appellant requested an appeal from that ruling, none was perfected.

On June 18, 1985, appellant filed a "Motion For Sentence Reduction." A year later, that motion was denied. Further inquiries by appellant led to his eventual representation by the State Public Defender's office in this appeal which they have designated as an appeal from the denial of appellant's petition for post-conviction relief.

Presented with this state of the record, this Court on November 29, 1990 entered the following order:

"The trial court in this case denied appellant's petition for post-conviction relief. Because appellant did not timely file a motion to correct error he filed a petition for permission to file a belated motion to correct error, which the trial court denied. We find that appellant has been sufficiently diligent in attempting to pursue this appeal as required under Post–Conviction Rule 2, Section 2.

Since a motion to correct error is no longer mandatory, this Court retains jurisdiction of this case and ORDERS appellant's counsel to file a complete brief on the merits wherein any alleged errors in denying post-conviction relief may be assigned. Appellant shall file his brief on or before January 15, 1991. The appellee's brief and the appellant's reply brief shall be filed in accordance with the normal rules for filing briefs.

The Clerk is directed to send a copy of this order to all counsel of record. (Formal parts omitted.)"

Following this order, briefs were filed in due course by both the Public Defender and the Attorney General.

Following appellant's arrest, he was transported to Indianapolis to undergo a polygraph examination at State Police Headquarters. However, upon arrival and before the test was administered, appellant made a full confession of deliberately ad-

ministering lye to his infant daughter, which caused her death.

He was examined by two court-appointed physicians who both agreed that he was of normal intelligence and was sane at the time of their interviews. One of the physicians thought that appellant might have been under sufficient stress to cause him not to appreciate fully the seriousness of his conduct at the time of the offense. However, the other physician felt that at the time of the offense he was in sufficient control of his faculties to understand the wrongfulness and the seriousness of his acts.

At the time he entered a plea of guilty, appellant was represented by private counsel and was interrogated thoroughly in the trial court where he made a judicial confession of his wrongful conduct. At that time, appellant was advised of the consequences of his plea and the rights which would be afforded him should he enter a plea of not guilty and was advised that he would have the right to an appeal should he be found guilty by a jury.

Although appellant experienced much delay in obtaining a hearing on his post-conviction relief petition, he eventually did receive such a hearing. Following that hearing, the trial court made specific findings of fact:

"1. That the defendant was advised of his constitutional rights by the Court prior to his plea of guilty.

2. That the defendant was represented by private counsel throughout the proceedings.

3. That there is no allegation, evidence or contention that retained counsel failed to inform the defendant of his constitutional rights, the existence of defenses and the consequences of his plea of guilty.

4. That the defendant at the time of entering his guilty plea had knowledge that a special plea of insanity had been entered on his behalf.

5. That the defendant entered a plea of guilty, to the lesser included offense of Second Degree Murder [sic], voluntarily and with a full understanding of the consequences."

The trial court then stated the following conclusions of law:

"1. That the defendant failed to sustain the burden of proof on either of the issues presented by the pleadings and the evidence.

2. That the plea of guilty to the lesser included [sic] offense was voluntary and with knowledge of the waiver of constitutional rights of the defendant and the consequences of said plea.

3. That the defendant's plea of guilty constituted a waiver of all defenses including the special plea of insanity and that the defendant entered such plea voluntarily and with knowledge of the waiver of such defense and the consequences of such a plea."

■ Appellant claims his plea of guilty was not knowing, voluntary, and intelligent. Appellant points to the finding of the post-conviction court that, "at the time of entering his guilty plea [he] had knowledge that a special plea of insanity had been entered on his behalf." He indicates that this is not an accurate statement because what in fact had been filed was a motion by defense counsel "for an investigation as to the sanity of defendant prior to entering a plea," which thus is not the same as a special plea of insanity. Appellant is correct in his observation in this regard.

However, pursuant to appellant's motion, the trial court appointed Dr. Ernest J. Fogle of Logansport State Hospital and Dr. Frank Hogle of the Four County Mental Health Clinic to examine appellant. These examinations were carried out and, as noted above, reports were made thereon. Appellant and his counsel were aware of this situation. We find it of little moment that the post-conviction relief court erred in stating that a special plea of insanity had been entered.

The fact remains that the question of appellant's mental capacity, both at the time he stood before the court and at the time the alleged offense was committed, had been fully investigated and opinions

rendered by both physicians. Not only were appellant and his counsel aware of this fact, but they also were aware of the fact that appellant had made a full confession as to the crime charged. There is no question that appellant's counsel had the knowledge and the opportunity to raise a defense of insanity and proceed to trial thereon. However, one cannot say that the choice to enter a plea to the charge of first degree murder was made unknowingly under the circumstances.

■ Appellant also raises the question that the post-conviction court made a finding that appellant "entered a plea of guilty, to the lesser-included offense of Second Degree Murder, voluntarily and with a full understanding of the consequences." He points out that this statement by the post-conviction court was erroneous and that the record shows that appellant entered a plea of guilty to first degree murder. Appellant is correct in this observation. Notwithstanding this erroneous statement by the post-conviction court, we see no reversible error here. The issue is not what erroneous concept the post-conviction court may have had of the circumstances of the plea.

The facts now before this Court are what actually did occur at the plea of guilty. There is no doubt that at the time the plea of guilty was entered, appellant in fact was charged with first degree murder, had signed a written confession which clearly shows the commission of a first degree murder, and that before receiving his plea of guilty the trial court fully informed him of the nature of the charge, the penalties which could be assessed for first degree murder, and the rights he was forfeiting in giving up a jury trial. There in fact was no indication of entering a plea to a lesser-included offense.

■ The record indicates no possibility of a misunderstanding on appellant's part in this regard. The inadvertent technical errors of the post-conviction court in its statement of the facts do not prevent this Court from examining the record and determining whether appellant was advised adequately at the time of his guilty plea.

See Jordan v. State (1987), Ind., 502 N.E.2d 910. In the case of Shropshire v. State (1986), Ind., 501 N.E.2d 445, we held that erroneous references to laches did not constitute reversible error given that those findings did not constitute the primary reason for the court's denial of post-conviction relief. We hold that the trial court's technical errors here do not constitute reversible error.

■ Citing a statement appellant made to the probation officer who was conducting the presentence investigation, appellant claims he was of the opinion that even though he had entered a plea of guilty, he would be able to persuade the trial judge at the time of the sentencing that he in fact was insane; thus he would be able to receive a mitigated sentence. There is nothing in this record which would justify such a conclusion on appellant's part. He was represented by counsel the entire time and was advised by the trial court that in entering a plea of guilty, he was forfeiting his right to defend himself in a jury trial.

Appellant makes the observation that he was not permitted to make a statement at the sentencing. The record does not indicate that he made any attempt to make a statement at the sentencing; thus we cannot say he was prevented from doing so. It is true that no statement was made by him at the sentencing. However, at the time his plea of guilty was accepted, he was questioned extensively and gave answers to each of the questions propounded. The fact that appellant may have thought he could convince the court at the time he was sentenced that he was insane does not gainsay the fact that he was fully advised at the time his plea was entered and that he was represented by counsel at that time.

Appellant has made no allegation of any specific fact which would suggest that he had any reason to believe that an insanity defense would be available to him at sentencing nor by independent search of the record do we find any indication that such a conclusion on his part would be justified. Thus we find no adequate basis for reversal. See White v. State (1986), Ind., 497 N.E.2d 893.

The denial of appellant's post-conviction relief petition is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.