**James Edward SHROPSHIRE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 684S243.**

Supreme Court of Indiana.

Dec. 23, 1986.

Rehearing Denied Feb. 20, 1987.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from a denial of a petition for post-conviction relief. In 1975, appellant was sentenced to two (2) to fourteen (14) years for Conspiracy to Commit a Felony and to seventeen (17) years for Commission of a Crime While Armed with a Deadly Weapon, the sentences to be served concurrently. His conviction was affirmed by this Court. *See Resnover, Shropshire et al. v. State* (1978), 267 Ind. 597, 372 N.E.2d 457.

■ Appellant claims the trial court erred in holding that post-conviction relief was barred by laches. An examination of the trial court's findings of fact and conclusions of law shows that the trial court merely observed at the close of his conclusions of law that the doctrine of laches applied since the remedies sought had been available to appellant since December of 1977. However, the trial court obviously did not base his decision on such conclusion. The trial court clearly stated eight conclusions of law prior to the statement of laches setting forth why appellant could not recover on his post-conviction relief petition. The trial court's statement concerning laches was merely a secondary observation, not the primary reason given for the denial of the relief. The other reasons given for the denial of relief being sufficient, we hold there is no reversible error concerning the court's statement on laches.

■ Appellant claims the trial court erred in concluding his State sentences were properly served consecutively with his Federal sentences. While appellant was at large, as a result of the escape for which he was originally tried in this case, he committed bank robberies and was arrested by Federal authorities. The Federal authorities, pursuant to writs of *habeas corpus ad prosequendum,* turned appellant over to the State authorities for his original trial on the escape.

Following his conviction, he was returned to the Federal authorities to serve his sentence. He remained in Federal custody from 1975 until May 11, 1982, when he was returned to Indiana to commence his sentence as set out above. He now claims that his sentence should have started immediately upon his conviction by the Indiana courts and that he should be given credit on that sentence for the entire time he was in Federal custody. The trial court correctly ruled that it was not contrary to law for appellant's State sentence to commence after the service of his Federal sentence and cited for its authority *Smith v. State* (1975), 165 Ind.App. 37, 330 N.E.2d 384, *trans. denied.* In that opinion, the Court of Appeals stated:

> "The essence of this contention is that these portions of appellant's Federal and State sentences must run concurrently. However, it is established law that there is no right to serve concurrent sentences for different crimes in the absence of a statute so providing, and that concurrent sentences may be ordered only when they are to be served in the same institution." (Citation omitted). *Id.* at 44, 330 N.E.2d at 388.

The trial court did not err in this regard.

■ Appellant claims the trial court erred in concluding: that a letter written by him to his wife was properly admitted into evidence; that no error occurred in allowing a witness who had violated a separation of witnesses order to testify; and that the verdict was not contrary to law. All of these issues were either covered or could have been covered in appellant's original appeal. The post-conviction relief rule specifically states that it is not a substitute for direct appeal. Ind.R.P.C.R. 1, § 1(b); *Howland v. State* (1982), Ind., 442 N.E.2d 1081; *Lindley v. State* (1981), Ind., 426 N.E.2d 398.

■ Appellant claims that he was not provided with effective assistance of coun-

sel during his original trial. To prevail on such a claim, appellant must show that his counsel's work amounted to a mockery of justice in order to obtain relief. *Carlyle v. State* (1981), Ind., 428 N.E.2d 10. Appellant has failed to present such proof. He cites specific instances where his counsel failed to object to alleged errors. His allegations in this regard are conclusory in nature. He does not furnish us with specifics to overcome the presumption that counsel acted properly at the time after due deliberation. We engage in the presumption that counsel has acted competently unless the contrary is clearly made to appear by the evidence in the case. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The findings of fact and conclusions of law in this case are clearly supported by the record.

The trial court is affirmed.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, J., not participating.