**Michael E. SAYLOR, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 53A01–9008–PC–332.

Court of Appeals of Indiana, First District.

Jan. 17, 1991.

Rehearing Denied March 6, 1991.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Michael E. Saylor appeals the denial of his petition for post-conviction relief.

We affirm.

By the terms of a proposed plea agreement negotiated with the State, Saylor agreed to plead guilty to four counts of burglary in exchange for concurrent sentences on each of the four counts and an order that the burglary convictions be served concurrently with sentences already imposed in Kentucky on burglaries committed within a few months of the burglaries charged in Indiana. Indiana authorities obtained temporary custody of Saylor, who was in a Kentucky prison when the Indiana prosecutions were initiated, by virtue of Article IV of the Interstate Agreement on Detainers, Ind.Code 35–33–10–4.

On April 13, 1987, the State and Saylor offered the proposed agreement to the trial court. The trial judge advised Saylor at that time that he did not have the authority to order the Indiana sentences to be served concurrently with any sentences imposed in Kentucky. The provision for concurrent Indiana and Kentucky sentences was deleted by agreement of the parties and Saylor offered to plead guilty pursuant to the amended agreement which provided only that the four burglary counts would be served concurrently. This agreement was accepted by the trial court. The court advised Saylor several times that he may still be brought back to Indiana to serve all of his fifteen year sentence after he finished serving the Kentucky sentence. Saylor indicated that he understood and pled guilty. The trial court imposed the sentence required by the plea agreement, i.e., five years on count I; fifteen years on counts II and III; and, twenty years with five suspended on count IV, and cited as justification for accepting the agreed-upon, enhanced sentences on counts II, III and IV,

Saylor's numerous convictions of burglary. The trial court said nothing at either the change of plea hearing or the sentencing hearing indicating any intent to effect any relationship between the Kentucky and Indiana sentences. The "Abstract of Judgment" signed by the sentencing judge and issued to the Indiana Department of Corrections indicates that Saylor "was returned to the State of Kentucky for service of the balance of his sentence. Upon completion of the same, [Saylor] will be returned to the State of Indiana to begin service of sentence herein."

Saylor argues in this appeal that the trial court caused the Indiana and Kentucky sentences to be served consecutively and erred in doing so because neither the mandatory nor discretionary provisions of I.C. 35–50–1–2 authorize consecutive sentences in this situation. He also argues that his guilty plea was not knowingly and voluntarily entered because the guilty plea court misled him concerning its authority to order concurrent sentencing. Saylor does not seek to have his guilty plea set aside; rather, he urges that we order the Indiana and Kentucky sentences to be served concurrently.

As Saylor contends, I.C. 35–50–1–2 does not authorize the delay occasioned here. The general discretionary authority to order one sentence to be served consecutively to another afforded by section (a) of I.C. 35–50–1–2 is restricted to those occasions when the sentencing court is contemporaneously meting out two or more terms of imprisonment. *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311, 1311. A sentence previously received from another court is no longer a proper subject of consideration in determining the propriety of consecutive sentences. *Seay v. State* (1990), Ind., 550 N.E.2d 1284, 1289. Indiana Code 35–50–1–2(b), the mandatory section of the statute, applies only if a defendant is on probation, parole, or serving a term of imprisonment at the time the other offenses are committed. *Haggard v. State* (1983), Ind., 445 N.E.2d 969, 973, *modified on other grounds*, 472 N.E.2d

1260. There is no dispute in the present case that the burglaries charged in this state were committed prior to Saylor's conviction and imprisonment in Kentucky. Consequently, Saylor's sentences could not be aggregated by virtue of I.C. 35-50-1-2(b) either.

■ Nonetheless, the trial court did not err when it advised Saylor that it had no authority to order concurrent Indiana and Kentucky sentences. There is no right to serve concurrent sentences for different crimes in the absence of a statute so providing. Concurrent sentences may be ordered only when they are to be served in the same institution. *Shropshire v. State* (1986), Ind., 501 N.E.2d 445, 446 quoting *Smith v. State* (1975), 165 Ind.App. 37, 330 N.E.2d 384, 388, *trans. denied; Alford v. State* (1973), 155 Ind.App. 592, 294 N.E.2d 168, *overruled on other grounds*, 265 Ind. 216, 352 N.E.2d 752. *See Woodson v. State* (1978), 178 Ind.App. 692, 383 N.E.2d 1096, 1101 (*Holland v. State* (1976), 265 Ind. 216, 352 N.E.2d 752 did not purport to overrule existing rule that defendant not entitled to credit on Indiana sentence while incarcerated in another jurisdiction). To be bound by the terms of a plea agreement, the agreement must first be within the power of the court to accept. *Griffin v. State* (1984), Ind., 461 N.E.2d 1123, 1124; *Reffett v. State* (1990), Ind.App., 557 N.E.2d 1068, 1071.

Having been advised that the trial court could not guarantee concurrent Indiana and Kentucky sentences if he pled guilty, Saylor cannot be said to have been misinformed about the consequences of his plea. Accordingly, we conclude that the court below properly denied Saylor's petition for post-conviction relief.

Judgment affirmed.

RATLIFF, C.J., and SHARPNACK, J., concur.