**Christopher A. CARRION, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–9304–CR–137.**

Court of Appeals of Indiana, Third District.

Sept. 13, 1993.

Rehearing Denied Oct. 28, 1993.

---

Robert S. Bechert, Bechert, Leonard & Terrill, Fort Wayne, for appellant-defendant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Christopher A. Carrion appeals from his conviction for murder, a felony, and robbery, a Class A felony. Carrion's sole claim on appeal is that it was improper for the trial court to set forth in its sentencing order that his concurrent fifty-year sentences be served consecutively to life sentences previously imposed upon him in the State of Oklahoma.

The facts relevant to this appeal disclose that on September 27, 1990, Carrion shot and killed Timothy McClellan in Allen County, Indiana. He then drove away in McClellan's 1989 Ford Probe GT. Carrion was apprehended in the State of Oklahoma where he confessed to the murder and robbery in Allen County, Indiana. Thereafter, Carrion was convicted and sentenced in Oklahoma on two counts of aiding murder

for an offense involving the murder of two people in Oklahoma on September 29, 1990.

On November 6, 1992, Carrion pled guilty in Indiana to murder, a felony, and robbery, a Class A felony. At the sentencing hearing conducted on November 19, 1992, Carrion was sentenced to two concurrent fifty-year terms of imprisonment. The sentencing court additionally ordered the sentences imposed be served consecutively to two life sentences previously imposed upon Carrion in the unrelated criminal proceedings conducted in Oklahoma. Thereafter, the court conducted a supplemental sentencing to clarify the record. Carrion now appeals.

■ Carrion argues that the trial court's order that Carrion's concurrent fifty-year sentences be served consecutively to life sentences imposed upon him in Oklahoma is improper. More specifically, he contends that the trial court was without authority to order consecutive sentences.

■ It is well established that there is no right to serve concurrent sentences for different crimes in the absence of a statute so providing, and that concurrent sentences may be ordered only when they are to be served at the same institution. *Shropshire v. State* (1986), Ind., 501 N.E.2d 445, 446, citing *Smith v. State* (1975), 165 Ind.App. 37, 330 N.E.2d 384, *trans. denied; Saylor v. State* (1991), Ind.App., 565 N.E.2d 348, 350. Moreover, a defendant is not even entitled to credit on his Indiana sentence while he is incarcerated in another jurisdiction for a totally different offense. *Woodson v. State* (1978), 178 Ind.App. 692, 698, 383 N.E.2d 1096, 1101, *trans. denied; Cooley v. State* (1977), 172 Ind.App. 199, 205, 360 N.E.2d 29, 33, *trans. denied.* IND. CODE § 35–50–1–2, enacted in 1977, provides authority for trial courts to impose consecutive sentences.[1]

Recently in *Reaves v. State* (1992), Ind., 586 N.E.2d 847, our supreme court affirmed a trial court's sentencing order in which the defendant's sentences imposed by the trial court were to be served consecutive to the sentences which the defendant was presently serving in the State of Ohio. *Id.* at 851–852. In *Reaves,* the trial court in its sentencing statement noted the defendant had been previously sentenced to a term of imprisonment of 6–25 years in the State of Ohio on unrelated charges. *Id.* On appeal, the defendant contended that the sentencing order was overly vague and in violation of IND.CODE § 35–38–3–2(d) which states "a [t]erm of imprisonment begins on the date sentence is imposed, unless execution is stayed according to law." *Id.* The supreme court concluded that the sentencing order in conjunction with the record of the hearing, was sufficiently specific to satisfy statutory and due process requirements; therefore, there was no error in the trial court's sentencing order which required that defendant's Indiana sentence be served consecutively to the sentence previously imposed in the State of Ohio. *Id.* Likewise, in both *Chanley v. State* (1991), Ind., 583 N.E.2d 126 and *Burnett v. State* (1982), Ind.App., 439 N.E.2d 174, the courts concluded that the trial courts did not err in ordering the defendants' sentences for crimes committed in Indiana to be served consecutive to sentences previously imposed in another state. *Chanley,* 583 N.E.2d at 131–132; *Burnett,* 439 N.E.2d at 177; *see also Shropshire,* 501 N.E.2d at 446 (state sentence properly served consecutive with federal sentence); *Saylor,* 565 N.E.2d at 349–350 (no authority to order concurrent Indiana and Kentucky sentences); Arthur W. Campbell, *Law of Sentencing* § 9:14 (2d ed. 1991) (unless there is a statute or agreement to

---

1. Carrion correctly contends that Indiana courts have repeatedly stated that the general authority of a trial court to order consecutive sentences afforded by section (a) of IND.CODE § 35–50–1–2 is limited to those occasions when the sentencing court is contemporaneously meting out two or more terms of imprisonment. *See e.g. Seay v. State* (1990), Ind., 550 N.E.2d 1284, 1289; *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311,

1311–1312; *Niksich v. State* (1992), Ind.App., 596 N.E.2d 268, 269–270; *Watkins v. State* (1992), Ind.App., 588 N.E.2d 1342, 1343–1344. However, Carrion fails to recognize that such decisions are limited to the discretionary authority of imposition of consecutive sentences within the same jurisdiction, i.e., Indiana state courts.

the contrary, most states hold that a trial court has the authority to order a defendant's sentence be served either concurrent with or consecutive to a prior jurisdiction's sentence).

 Carrion admits that he is not arguing that the trial court should have imposed concurrent sentences. Carrion fails to cite nor can we find any authority for an Indiana court to order a sentence imposed by it to run concurrently with a sentence being served in another state or with a sentence being served in federal custody. Sentences to penal institutions of different jurisdictions are cumulative and not concurrent. *See Law of Sentencing* at § 9:14 ("In the absence of a contrary statutory directive older, decisions presumed (contrary to the common law presumption for sentences within the same jurisdiction) that such sentences would run consecutively.") The trial court did not err in ordering that Carrion's sentences imposed in this case run consecutively to his previously imposed Oklahoma sentence on unrelated charges.

Affirmed.

BAKER and BARTEAU, JJ., concur.