**Tyrone T. PERRY,**
**Appellant/Defendant,**

v.

**STATE of Indiana, Appellee/Plaintiff.**

**No. 45A05–0907–CR–387.**

Court of Appeals of Indiana.

Feb. 18, 2010.

Kristin Mulholland, Crown Point, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Defendant Tyrone Perry appeals following his convictions, pursuant to a guilty plea, for Robbery, a Class C felony,[1] and Reckless Homicide, a Class C felony.[2] On appeal, Perry challenges the trial court's order that his aggregate ten-year sentence be served consecutive to his previously imposed Michigan sentence on unrelated charges. We affirm.

## FACTS AND PROCEDURAL HISTORY

According to the factual basis entered during the May 12, 2004 plea hearing, "[O]n October 16, 2001, Bobby Walton was walking home at or near the vicinity of 4200 West 19th Plaza, Gary[,] when [Perry] approached [him], and snatched a gold chain from [his] neck, then hit him." Appellant's App. p. 76. Perry followed as Walton ran to his home. Perry fired a firearm at Walton, hitting him in the left hand. In addition, during the early morning hours on December 16, 2001, Maurice Weaver's home was burglarized. Later that day, Weaver approached Perry to discuss Perry's potential involvement in the burglary. While Weaver and Perry were talking, Perry "pulled out a firearm and shot into [Weaver's] vehicle." Appellant's App. p. 76. Weaver was hit and later died as a result of his injuries.

With regard to the incident involving Walton, the State charged Perry with Count I: Class C felony robbery and Count II: Class C felony battery under cause number 45G04–0201–FC–7 ("Cause No. FC–7"). With regard to the incident involving Weaver, the State charged Perry with one count of murder, two counts of Class A felony attempted murder, one count of Class C felony battery, and one count of Class C felony attempted battery under cause number 45G04–0201–MR–1 ("Cause No. MR–1"). Cause No. MR–1

1. Ind.Code § 35–42–5–1 (2001).

2. Ind.Code § 35–42–1–5 (2001).

was later amended to include one count of Class C felony reckless homicide. On May 12, 2004, pursuant to a written plea agreement, Perry pled guilty to one count of Class C felony robbery under Cause No. FC–7 and one count of Class C felony reckless homicide under Cause No. MR–1. In exchange for Perry's guilty plea, the State agreed to drop all remaining charges.

On June 10, 2004, the trial court sentenced Perry to an aggregate term of ten years. Initially, the trial court did not specifically indicate whether Perry's aggregate sentence would run concurrent with or consecutive to his previously imposed term of incarceration in Michigan. On August 5, 2004, the trial court issued an order which, in relevant part, stated, "The clerk is directed to issue a warrant to serve as a detainer and directs the sheriff to transport the defendant back to the Lake County Jail to begin service of his Indiana sentence(s) once the sentence(s) in the other jurisdiction have been served." Appellant's App. p. 85. Perry did not appeal his sentence.

Approximately five years later, the trial court set the instant matter for a hearing after being advised by the jail staff that there was some confusion regarding the June 10, 2004 sentencing order. Following a hearing, the trial court ordered that Perry's Indiana term of incarceration shall run consecutive to his Michigan term of incarceration. Perry now appeals.

## DISCUSSION AND DECISION

■ On appeal, Perry challenges the trial court's order that his aggregate ten-year sentence be served consecutive to his Michigan term of incarceration for unrelated criminal acts. Specifically, Perry claims that the trial court abused its discretion in ordering that his Indiana term of incarceration be served consecutive to his Michigan term of incarceration. Initially, we observe that "[i]t is well established that there is no right to serve concurrent sentences for different crimes in the absence of a statute so providing, and that concurrent sentences may be ordered only when they are to be served at the same institution." *Carrion v. State,* 619 N.E.2d 972, 973 (Ind.Ct.App.1993), *trans. denied.* Moreover, a defendant is not even entitled to credit on his Indiana sentence while he is incarcerated in another jurisdiction for a totally different offense.

In *Carrion,* the defendant pled guilty in Indiana to murder and Class A felony robbery. *Id.* He was sentenced to two concurrent fifty-year terms of imprisonment. *Id.* The trial court ordered that the sentences imposed be served consecutive to two life sentences previously imposed upon the defendant in unrelated criminal proceedings conducted in Oklahoma. *Id.* In affirming the trial court's order, this court noted previous opinions by both this court and the Indiana Supreme Court wherein "the courts concluded that the trial courts did not err in ordering the defendants' sentences for crimes committed in Indiana to be served consecutive to sentences previously imposed in another state." *Id.* (noting *Reaves v. State,* 586 N.E.2d 847 (Ind.1992); *Chanley v. State,* 583 N.E.2d 126 (Ind.1991); and *Burnett v. State,* 439 N.E.2d 174 (Ind.Ct.App.1982)).

■ Perry has failed to cite and we have found no controlling precedent authorizing an Indiana court to order a sentence to run concurrent with a sentence being served in another state. Perry pled guilty to Class C felony reckless homicide and Class C felony robbery, for which he received an aggregate ten-year sentence. At the time of sentencing in Indiana, Perry was serving a sentenced in Michigan following his Michigan convictions for felony armed robbery, felony assault with the intent to rob while armed, and first degree felony home invasion. Sentences to penal

institutions of different jurisdictions are cumulative and not concurrent. *Id.* at 974. The trial court did not abuse its discretion in ordering that Perry's aggregate ten-year sentence imposed in the instant matter run consecutive to his previously imposed Michigan term of incarceration. *See id.*

Furthermore, to the extent that Perry frames his argument under Indiana Appellate Rule 7(B), which grants this court authority to review a sentence for appropriateness in light of the nature of the defendant's offenses and his character, we observe that Perry has failed to make a cogent argument regarding why his sentence is inappropriate with regard to the nature of his offenses or his character.[3] It is well-established that a failure to make a cogent argument regarding the nature of the defendant's offense and the defendant's character results in waiver of the defendant's appropriateness claim. *Johnson v. State*, 837 N.E.2d 209, 217 (Ind.Ct. App.2005), *trans. denied; Ford v. State*, 718 N.E.2d 1104, 1107 n. 1 (Ind.1999).

Waiver notwithstanding, we conclude that the trial court's order that Perry's aggregate ten-year sentence run consecutive to his previously imposed Michigan sentence is not inappropriate in light of the nature of Perry's offenses and his character. Perry's instant offenses included Class C felony reckless homicide and Class C felony robbery. Perry shot both of his victims. One victim, Walton, was shot in the left hand and survived, while the other, Weaver, died as a result of his injuries. Perry robbed Walton and was being questioned by Weaver about his possible involvement in the robbery of Weaver's home when Weaver was shot. A review of Perry's character reveals that Perry has previously been convicted of carrying a gun without a permit and domestic battery in Indiana. Perry's criminal history reveals that the seriousness of his criminal acts in Indiana was escalating and that prior attempts at reformation through probation have not successfully deterred Perry from committing future criminal acts. In addition, at the time of Perry's guilty plea, Perry was serving a sentence in Michigan stemming from his convictions for felony armed robbery, felony assault with the intent to rob while armed, and first degree felony home invasion.

In light of Perry's escalating criminal acts; his apparent complete disregard for the safety and property of others as evidenced by his involvement in multiple robberies and the fact that he shot both of his Indiana victims, one of whom subsequently died; and his serious criminal actions in Michigan, we cannot say that the trial court's order that Perry's aggregate ten-year sentence be served consecutive to his term of imprisonment previously imposed in Michigan is inappropriate.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.

---

3. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind.Ct.App.2006), *trans. denied* (citations and quotation marks omitted).