Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMES PIERCE, JR.,                              )
                                               )
    Appellant-Defendant,                       )
                                               )
      vs.                                   )     No. 48A02-1108-CR-809
                                               )
STATE OF INDIANA,                              )
                                               )
    Appellee-Plaintiff.                        )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-0911-FB-412

**May 21, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

James Pierce, Jr. ("Pierce") pleaded guilty in Madison Circuit Court to Class B felony possession of a firearm by a serious violent felon and Class C felony burglary. The trial court sentenced Pierce to consecutive terms of twenty years and eight years respectively. On appeal, Pierce claims that the trial court abused its discretion in sentencing him.

We affirm.

**Facts and Procedural History**

In the early morning hours of November 18, 2009, Pierce broke into a drug store in Anderson, Indiana, setting off an alarm system that alerted the police. Pierce entered the store and began to ransack the cabinets behind the pharmacy counter where controlled substances were stored. When the police arrived, they found Pierce rummaging through drawers and noticed opened and scattered pill bottles on the floor of the pharmacy. The contents of a safe in the pharmacy were also scattered on the floor. Nearby, the police discovered a loaded .22 caliber revolver and a duffle bag that had been filled with prescription medications. Pierce also had over $500 in cash on his person.

As a result of this incident, the State charged Pierce the following day with Class A felony burglary, Class B felony possession of a firearm by a serious violent felon, Class C felony carrying a handgun without a license, Class D felony theft, and Class A misdemeanor carrying a handgun without a license. The State also alleged that Pierce was a habitual offender. After entering into, but then later rejecting, an earlier plea agreement, Pierce again entered into a plea agreement with the State on July 18, 2011. Pursuant to the plea agreement, Pierce pleaded guilty to Class B felony possession of a

firearm by a serious violent felon and Class C felony burglary as a lesser-included offense of the charged crime of Class A felony burglary. In exchange, the State agreed to dismiss the remaining charges and the habitual offender allegation, but sentencing was left "open" to the discretion of the trial court.

On August 1, 2011, the trial court accepted the plea agreement and sentenced Pierce to consecutive terms of twenty years on the Class B felony conviction and eight years on the Class C felony conviction.[1] Pierce now appeals.

### Discussion and Decision

Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007) ("Anglemyer I"). A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id. With regard to sentencing, a trial court may abuse its discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting mitigating factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. Id. at 490-91. "Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." Id. at 491.

---

[1] The sentence Pierce received in this cause was also ordered to be served consecutively to his sentences in two other criminal causes.

A. *Guilty Plea as a Mitigating Factor*

Pierce first claims that the trial court should have considered Pierce's guilty plea as a significant mitigating factor. A defendant who pleads guilty generally deserves some mitigating weight to be afforded to the plea. Anglemyer v. State, 875 N.E.2d 218, 220-21 (Ind. 2007) ("Anglemyer II").[2] But a trial court does not necessarily abuse its discretion by failing to recognize a defendant's guilty plea as a *significant* mitigating circumstance. Id. at 220-21. Indeed, "the significance of a guilty plea as a mitigating factor varies from case to case." Id. at 221. "For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, or when the defendant receives a substantial benefit in return for the plea." Id. Further, where the evidence of the defendant's guilt is substantial, the decision to plead guilty may more likely be the result of pragmatism rather than a true acceptance of responsibility and remorse. Id.

Here, Pierce was caught red-handed by the police in the act of burglarizing the drug store. The drawers where the controlled substances were stored had been ransacked, as had a safe behind the pharmacy counter. Pill bottles were strewn on the floor, and there was a handgun and a duffle bag containing prescription medications located near Pierce when he was arrested. Thus, there was substantial evidence of Pierce's guilt. And by pleading guilty, Pierce avoided the possibility of convictions of Class A felony burglary, Class C felony carrying a handgun, and Class D felony theft, as well as a habitual offender enhancement. The habitual offender enhancement alone had the

---

[2] In Anglemyer II, our supreme court clarified its earlier opinion in Anglemyer I.

4

potential to add up to thirty years to Pierce's sentence. The State also agreed to dismiss the charges remaining in another cause. In short, Pierce received a substantial benefit in return for his plea. Under these facts and circumstances, we cannot fault the trial court for not considering Pierce's guilty plea as a significant mitigating factor. See Anglemyer II, 875 N.E.2d at 221 (concluding that trial court did not err in failing to recognize guilty plea as a significant mitigating factor where the State agreed to dismiss other pending charges and where evidence of defendant's guilt was overwhelming).

B. *Failed Attempts at Rehabilitation*

Pierce next argues that the trial court abused its discretion by inadequately explaining what it meant by stating that prior attempts to rehabilitate Pierce had failed. Pierce refers to the trial court's sentencing order, in which the court listed the following aggravating circumstances: "Defendant's prior criminal history; defendant was on probation at the time this crime was committed; prior attempts at rehabilitation have failed." Appellant's App. p. 40. Pierce claims that the trial court's sentencing order fails to adequately explain why it found the latter circumstance to be aggravating. We disagree.

To be sure, the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence. Anglemyer I, 868 N.E.2d at 491. "In order to carry out our function of reviewing the trial court's exercise of discretion in sentencing, we must be told of [its] reasons for imposing the sentence." Id. "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions." Id.

5

But our review is not limited to the trial court's written sentencing order. Instead, we may examine both the written and oral sentencing statements to discern the findings of the trial court. McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007) (citing Corbett v. State, 764 N.E.2d 622, 631 (Ind. 2002) ("In reviewing a sentencing decision in a non-capital case, we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings.")). Even if the trial court's sentencing statement fails to include a reasonably detailed recitation of the court's reasons for imposing sentence, the trial court will not be held to have abused its discretion if the court's sentencing statement is sufficient to allow for meaningful appellate review of the sentence. Anglemyer I, 868 N.E.2d at 492.

Here, the pre-sentence investigation report, which the trial court had reviewed, reveals that Pierce had a juvenile adjudication and probation revocation, and his adult criminal history includes numerous misdemeanor convictions and eleven felony convictions.[3] Pierce's probation was revoked at least three times in these prior cases. At the sentencing hearing, the court noted that it had placed Pierce on probation in 2008 and that Pierce admitted to almost immediately violating the terms of his probation. Moreover, Pierce was on probation when he committed the instant crimes. See Tr. p. 39-40. Based on this, we cannot say that the trial court failed to adequately explain its finding that prior attempts at rehabilitation had failed, as the record has permitted us to conduct meaningful appellate review. See Anglemyer I, 868 N.E.2d at 492.

---

[3] In 2001, Pierce pleaded guilty to six counts of Class C felony burglary and one count of Class D felony burglary in one cause.

6

C.  *Consecutive Sentences*

Pierce also claims that the trial court abused its discretion in ordering his sentences to be served consecutively.  The decision to impose consecutive or concurrent sentences is within the trial court's sound discretion and is reviewed only for an abuse of that discretion.  Gellenbeck v. State, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009).  A trial court is "not obligated to identify the aggravators that support consecutive sentences separately from the factors that support the sentence enhancement."  Smith v. State, 770 N.E.2d 818, 821 (Ind. 2002).  Thus, although a trial court is required to state its reasons for imposing consecutive sentences, it may rely on the same reasons to impose a maximum sentence and also impose consecutive sentences.  Gellenbeck, 918 N.E.2d at 712 (citing Smith, 770 N.E.2d at 821).  The presence of a single aggravating circumstance may be sufficient to support the imposition of consecutive sentences.  Id. at 712-13.

Here, the trial court adequately identified at least three separate aggravating factors: Pierce's extensive criminal history, prior failed attempts at rehabilitation, and that Pierce was on probation when he committed the instant offense.  And all of these aggravating factors are well supported by the record.  Moreover, Pierce admitted to burglarizing a pharmacy while armed with a handgun.  This was a recipe for violence, and it is fortunate that no one was injured.  Given the facts and circumstances before the trial court, we cannot say that it abused its discretion in imposing consecutive sentences.

D. *Mental Illness as a Mitigating Factor*

Lastly, Pierce claims that the trial court abused its discretion by failing to consider his mental health issues as a significant mitigating factor.[4]  A mentally ill defendant is not automatically entitled to mitigation of his sentence.  Smith v. State, 770 N.E.2d 818, 823 (Ind. 2002).  Our supreme court has explained that, when sentencing a guilty but mentally ill defendant, trial courts "'should at a minimum carefully consider on the record what mitigating weight, if any, to accord to any evidence of mental illness, even though there is no obligation to give the evidence the same weight the defendant does.'"  Id. (quoting Weeks v. State, 697 N.E.2d 28, 30 (Ind. 2002)).  There are several factors to consider in weighing the mitigating force of a defendant's mental health, including: the extent of the inability to control behavior, the overall limit on function, the duration of the illness, and the nexus between the illness and the crime.  Covington v. State, 842 N.E.2d 345, 349 (Ind. 2006).

In the present case, Pierce admits that the trial court acknowledged his mental health as a mitigating factor.  See Tr. p. 40 ("I suppose his mental health state is a mitigating circumstance[.]").  But the trial court assigned this mitigating factor minimal weight.  See id.  Under the current advisory sentencing scheme, the relative weight assigned to an aggravating or mitigating factor is not subject to review for an abuse of

---

[4]  The court-appointed experts disagreed as to whether Pierce could appreciate the wrongfulness of his conduct at the time of the crimes.  See Galloway v. State, 938 N.E.2d 699, 708 (Ind. 2010) (explaining that in order to establish an insanity defense, a defendant must prove that this mental illness rendered him unable to appreciate the wrongfulness of his conduct at the time of the offense).  But it was apparently undisputed that Pierce suffered from some form of mental illness, and the trial court clearly found this to be a minimally mitigating factor.

discretion. Cardwell v. State, 895 N.E.2d 1219, 1222-23 (Ind. 2008); see also Anglemyer, 868 N.E.2d at 491 ("[b]ecause the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors."). Accordingly, we are unable to review Pierce's claim that the trial court failed to give proper mitigating weight to Pierce's mental health.

E.   *Appropriateness of Sentence*

Pursuant to Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In this case, Pierce refers to Indiana Appellate Rule 7(B) and generally claims that his sentence is "inappropriate." Pierce, however, never fully develops an argument regarding the nature of the offense or the character of the offender. We therefore consider this claim waived. See Perry v. State, 921 N.E.2d 525, 528 (Ind. Ct. App. 2010) (concluding that defendant waived Appellate Rule 7(B) issue by failing to make a cogent argument as to why his sentence was inappropriate given the nature of the offense and the character of the offender).

Waiver notwithstanding, we would not conclude that Pierce's twenty-eight year sentence is inappropriate. Although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case."

Cardwell, 895 N.E.2d at 1225. It is the defendant's burden on appeal to persuade the reviewing court that the sentence imposed by the trial court is inappropriate. Id. at 494.

With regard to the nature of the offense, Pierce was caught in the act of burglarizing a pharmacy and was armed with a deadly weapon. Fortunately for everyone involved, no one was injured as a result of Pierce's crime. Pierce's character alone, as exemplified by his extensive criminal history and repeated probation violations, also supports the trial court's decision. Giving due consideration to the trial court's sentencing discretion, we cannot conclude that his twenty-eight year sentence is inappropriate.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.