## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 27 2015, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

**ATTORNEY FOR APPELLANT**

Steven P. Teverbaugh
Greensburg, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carl Louis Moore, Jr.<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 27, 2015<br><br>Court of Appeals Case No.<br>16A01-1408-CR-353<br><br>Appeal from the Decatur Circuit Court<br><br>The Honorable Timothy B. Day, Judge<br><br>Cause No. 16C01-1304-FC-228 |

**Mathias, Judge.**

[1] Carl Louis Moore, Jr. ("Moore") pleaded guilty in Decatur Circuit Court to Class C felony robbery and Class C felony attempted robbery. After a sentencing hearing, the trial court sentenced Moore to two consecutive six-year sentences and ordered his aggregate twelve-year sentence to be served

consecutive to Moore's sentences for other crimes committed in other counties. On appeal, Moore claims that the trial court abused its discretion in sentencing him to an aggregate twelve-year sentence.

[2] We affirm.

## Facts and Procedural History

[3] On March 13, 2013, Moore entered the New Point Food Mart in Greensburg, Indiana and demanded money from the clerk, Chintankumar Patel ("Patel"). Moore made Patel believe that he was armed with a knife. Patel gave Moore a bag containing $2,140, and Moore fled from the store.

[4] On April 5, 2013, while Patel was working at the store, Moore again entered the store and demanded money from Patel. Because he had already placed the money in the store's safe, Patel ran away from the counter. Moore tried to open the register, but he was unable to do so. He then fled the scene. When the police investigated, Moore was identified as a suspect of the crime. He later admitted to committing the two crimes. Patel suffered significant psychological trauma from these events.

[5] As a result, the State charged Moore with Class C felony robbery and Class C felony attempted robbery. On June 17, 2014, Moore pleaded guilty to both charges, but sentencing was left "open" to the discretion of the trial court. On July 29, 2014, the trial court heard evidence regarding sentencing. The trial court sentenced Moore to a consecutive six-year term for each count, and ordered the sentences in this case to be served consecutive to his criminal

sentences imposed for other crimes committed in other counties. Moore now appeals.

## Discussion and Decision

In his appellate brief, Moore makes an array of arguments that he should serve his sentences concurrently. Among these arguments, we find four coherent issues. Each issue will be addressed individually.

## Abuse of Discretion

Even though Moore does not explicitly challenge his sentencing as an abuse of discretion, his argument is, in essence, a claim that the trial court abused its discretion its consideration of the aggravating and mitigating circumstances. Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). The trial court abuses its discretion if its decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting mitigating factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. *Id.* at 490–91.

In his brief, Moore argues that the trial court failed to consider the following mitigating factors: his drug addiction, his age, and his childhood in an

uncontrolled environment. Although he testified concerning these facts at the sentencing hearing, the only mitigating factor specifically raised as such by Moore was that he pleaded guilty. Moore specifically raised no other factors as mitigators at the sentencing hearing. "The trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing." *Id.* at 492. The trial court clearly considered the only mitigator Moore specifically raised at the sentencing hearing, his guilty plea.

[9] Even had Moore properly raised other factors, the trial court was not obligated to find them mitigating. "[T]he trial court is not obligated to explain why it has found that the factor does not exist." *Id.* at 493. Nevertheless, the trial court explicitly rejected Moore's drug addiction as a mitigating factor. Tr. p. 24. Additionally, the relative weight given to a factor is not available for appellate review. *Anglemyer*, 868 N.E.2d at 493–94.

## Improper Aggravator

[10] Moore also argues that the trial court improperly found the traumatization of the clerk by Moore to be an aggravating factor. Moore argues that such trauma is improper because it is an element of the offense. *See Gomilia v. State*, 13 N.E.3d 846, 852 (Ind. 2014).

[11] Generally, a trial court may not impose a sentence greater than the advisory sentence for reasons that are included in the material elements of the offense. *Id.* at 852–53. However, the reason is proper if unique circumstances exist that would justify deviating from the advisory sentence. *Id.*

[12] The trial court characterized Patel's trauma as the "nature of the crime," and the court discussed at length the unique troubles and difficulties that Patel faced and continues to face because of Moore's actions. Tr. pp. 23-24. We conclude that this was a unique circumstance and that the trial court properly considered Patel's trauma as an aggravating circumstance.

## Appropriateness of Sentence

[13] Pursuant to Appellate Rule 7(b), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although Moore cites to this language in his brief, he does not raise any specific argument regarding the nature of the offense and the character of the offender. It is Moore's burden to persuade us that his sentence is inappropriate in the context of the nature of the offense and character of the offender standard of review. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Moore failed to compare his offense and his character to this standard, and we therefore consider this claim waived. *See Perry v. State*, 921 N.E.2d 525, 528 (Ind. Ct. App. 2010).

## Constitutionality of Sentence

[14] Finally, Moore argues that, at sentencing, the trial court violated Article I, section 18 of the Indiana Constitution, which states that the penal code is founded on "principles of reformation, and not of vindictive justice." Ind. Const. art. I, § 18. Moore refers to the trial court's statement that Moore is

"going to pay for [his crimes]" and that "there is a punitive aspect" to the sentence. Tr. p. 24. On these two facts alone, Moore alleges a constitutional violation.

However, the trial court also stated, "I hope it rehabilitates you. I hope you get your GED while you're there." Tr. p. 24. The trial court's imposition of an aggregate twelve-year sentence was given with the stated purpose of assisting Moore with his rehabilitation. We conclude that the trial court's decision is consistent with the purposes set forth in the Indiana Constitution.

The trial court did not abuse its discretion in sentencing Moore.

Affirmed.

Najam, J., and Bradford, J., concur.