## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2017, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Korey M. Sawicki,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 29, 2017

Court of Appeals Case No. 70A01-1704-CR-757

Appeal from the Rush Circuit Court

The Honorable David E. Northam, Judge

Trial Court Cause No. 70C01-1512-F4-772

**May, Judge.**

[1] Korey M. Sawicki appeals his four-year sentence for Level 4 felony burglary.[1] As his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On October 8, 2015, in Rush County, Sawicki broke into the house of Sandra and Donald Rech. He stole "(2) MAC Laptops, (1) 43" Samsung Flat Screen TV, [and] (1) Computer Case." (App. Vol. 2 at 8.) Blood found on a broken window in the house matched Sawicki's blood. On December 23, 2015, the State charged Sawicki in Rush County with one count of Level 4 felony burglary and one count of Level 6 felony theft[2] for his actions at the Rech residence.

[3] One day before burglarizing the Rech house, Sawicki had committed two burglaries in Hancock County. Three weeks after the Rech burglary, he returned to Hancock County and committed two more burglaries. For those crimes in Hancock County, in June 2016, Sawicki pleaded guilty to two counts of Level 4 felony burglary and received consecutive sentences of five years for an aggregate ten-year sentence.[3]

---

[1] Ind. Code § 35-43-2-1 (2014).

[2] Ind. Code § 35-43-4-2 (2014).

[3] The State dismissed two burglary charges and two theft charges in return for his guilty plea.

Then, on January 23, 2017, back in Rush County, Sawicki pleaded guilty to the burglary charge, and the State dismissed the theft charge. Pursuant to the plea agreement, the State agreed to a four-year sentence; however, it was left to the discretion of the trial court whether this sentence would be consecutive to or concurrent with the sentences from Hancock County. After noting Sawicki's "extensive criminal history," (Tr. at 11), the trial court ordered Sawicki to serve the four-year sentence consecutive to the sentences from Hancock County.

## Discussion and Decision

Sawicki asserts his sentence is inappropriate. Under Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (2007). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. Sawicki, as the defendant, bears the burden of demonstrating his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing range for a level 4 felony is "a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." Ind. Code § 35-50-2-5.5 (2014). The trial court sentenced Sawicki to four years pursuant to the terms of his plea agreement, which is less than the advisory for a Level 4 felony.

[7] While committing this offense, Sawicki broke windows to enter the Rech house and stole more than $750 worth of items. During the pre-sentence investigation, Sawicki said he was "frustrated because he feels if his co-respondent had not talked the State could not have proven their cases." (Confidential App. Vol. 2 at 68.) The officer taking the report noted "[Sawicki] believes his criminal actions were justified by the fact he was taking care of his girlfriend [and] he stole to make ends meet." (*Id.*) The officer reported Sawicki "demonstrated no remorse for the victims; rather, he doesn't want them to feel the offenses were personal as he chose houses at random." (*Id.* at 69.) These statements reflect Sawicki has no respect for the law and will not discontinue his criminal activity.

[8] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the offense. *Id.* The trial court specifically noted that "without referring even to a juvenile record[, Sawicki's criminal record] appears

to have . . . gone all the way back through most of his adult life, . . . so basically the Court believes that the, uh, extensive criminal history, . . . warrant[s] that . . . this sentence be imposed consecutively." (Tr. at 11.)  Sawicki's criminal history, without including the current charge or the Hancock County charges, includes two felony theft charges and multiple misdemeanor drug possession charges, along with a felony drug possession charge.  (*See* Confidential App. Vol. 2 at 62-64.)

[9]  Taking into account the below-advisory sentence of four years, Sawicki's criminal history, and his lack of remorse, we see nothing inappropriate about his four-year sentence.  *See, e.g., Johnson,* 986 N.E.2d at 857 (affirming sentence as not inappropriate based on criminal history); *see also Davis v. State*, 892 N.E.2d 156, 165 (Ind. Ct. App. 2008) (lack of remorse reflects poorly on the offender).[4]

# Conclusion

---

[4] Sawicki characterizes his sentence as inappropriate because the trial court ordered him to serve the four-year sentence consecutive to his sentences from Hancock County.  Sawicki's aggregate sentence for three counts of Level 4 felony burglary is fourteen years: five years each for two counts and four years for the third.  As noted above, the advisory sentence for Level 4 felonies is six years, with a range of two to twelve years.  Ind. Code § 35-50-2-5.5 (2014).  Not only are all three individual sentences below the advisory sentence of six years, Sawicki has an extensive criminal history and has shown no respect for the law or an indication he will change his behavior.  Thus, although the sentences from Hancock County are not at issue in this appeal, we hold consecutive sentencing with the Hancock County charges is not inappropriate.  *See Perry v. State,* 921 N.E.2d 525, 528 (Ind. Ct. App. 2010) (sentence deemed not inappropriate when ordered served consecutive to sentence from Michigan when defendant's character and the nature of the offense showed "complete disregard for the safety and property of others").

[10] Neither the four-year sentence nor the fact the trial court ordered Sawicki to serve it consecutive to the other sentences is inappropriate. Accordingly, we affirm.

[11] Affirmed.

Barnes, J., and Bradford, J., concur.