## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2018, 5:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan M. Comer
Christina D. Pace
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dennis E. Brewer, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 20, 2018 <br><br> Court of Appeals Case No. <br> 15A01-1709-CR-2181 <br><br> Appeal from the Dearborn Circuit Court <br><br> The Honorable James D. Humphrey, Judge <br><br> Trial Court Cause No. <br> 15C01-1606-FA-16 |

**Mathias, Judge.**

[1]     Dennis E. Brewer ("Brewer") pleaded guilty in the Dearborn Circuit Court to Class B felony attempted child molesting and Class B felony child molesting.

Brewer was sentenced to serve an aggregate term of sixteen years, with twelve years executed in the Department of Correction ("DOC") and four years suspended to probation. The trial court ordered Brewer to serve his sentence consecutive to an eight-year executed sentence imposed in Ohio.[1] Brewer appeals and raises two issues for our review, which we restate as:

I. Whether the trial court abused its discretion when it ordered his sentence to be served consecutive to his sentence imposed in Ohio; and

II. Whether Brewer's sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

In early 2011, Brewer lived with his girlfriend Brittany ("Brittany") and her family in Aurora, Indiana. Over the course of the next four years, Brewer began and continued to engage in inappropriate sexual contact with A.T., Brittany's younger sister. The first incident occurred when A.T. was between eight and ten

---

[1] Brewer pleaded guilty in Ohio to two counts of first degree felony rape involving the same victim. Ohio's rape statute provides: "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender . . . when . . . [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." Ohio Rev. Code § 2907.02(A)(1)(b).

years old.[2] A.T. was playing a video game in Brewer's bedroom, and he fondled A.T.'s thigh and her breasts.

[3] Over the course of four years, on multiple occasions, Brewer showed A.T. his penis and convinced her to manually stimulate his penis to the point of ejaculation. A.T. also performed fellatio on Brewer, and he touched A.T.'s clitoris. A.T. testified that she never reported the incidents because Brewer told her that if she did, he would "get in serious trouble with the law." Tr. p. 59. A.T. also felt that nobody in her family would believe her.[3] *Id.*

[4] In March 2016, Brewer molested A.T. while she was visiting Ohio during her spring break. A.T. told a school friend about the past molestation. A.T.'s friend reported the incidents to a school administrator, and the incident was reported to the police. A.T. told the police that she had been molested by Brewer over a dozen times. *Id.* at 58. On June 1, 2016, Brewer was interviewed by police officers at the Delhi Township Police Department, and admitted to molesting A.T. Ex. Vol. I, State's Ex. 2, p. 73. These admissions also resulted in the rape charges and convictions in Ohio.

[5] On June 7, 2016, the State charged Brewer with Class A felony child molesting, Class B felony attempted child molesting, and Level 1 felony child molesting.

---

[2] There is conflicting testimony regarding A.T.'s age. Brewer testified she was "11, 12." Ex. Vol. I, State's Ex. 2, p. 75. And A.T. testified she was "about eight or nine." Tr. p. 53. The trial court found A.T.'s age was "eight (8) to ten (10) years of age." Appellant's Am. App. Vol II, p. 189.

[3] The incidents occurred over four years and in two counties: Hamilton County, Ohio, and Dearborn County, Indiana.

On July 25, 2017, Brewer entered into a plea agreement with the State. He agreed to plead guilty to Class B felony attempted child molesting and Class B felony child molesting. The remaining charge was dismissed. Appellant's Am. App. Vol. II, pp. 114–15.

At the August 23, 2017 sentencing hearing, the court found as aggravators Brewer's age, the rape conviction in Ohio, evidence of uncharged misconduct, the nature and circumstances of the crime, and Brewer's position of trust with A.T. *Id*. at 211–12. The court considered Brewer's guilty plea, his expressed remorse, and age as mitigating factors. *Id*. at 212–13. The court then sentenced Brewer in pertinent part as follows:

> The defendant shall be sentenced to the Department of Correction for classification and confinement for a period of sixteen (16) years with four (4) years suspended on each Count; said sentences shall be served concurrent with each other and consecutive to the sentence imposed in the State of Ohio[.]

*Id*. at 214. Brewer now appeals.

## I.  Consecutive Sentences

Brewer argues that his sentences for the convictions in Indiana and Ohio should be served concurrently because his crimes involved "nearly identical conduct that occurred with the same victim." Appellant's Br. at 9. However, "[i]t is well established that there is no right to serve concurrent sentences for different crimes in the absence of a statute so providing, and that concurrent sentences

may be ordered only when they are to be served at the same institution." *Perry v. State*, 921 N.E.2d 525, 527 (Ind. Ct. App. 2010).

[8] In *Perry*, the defendant pleaded guilty to Class C felony robbery and Class C felony reckless homicide. Perry was ordered to serve an aggregate ten-year term, which was to be served "consecutive to his previously imposed Michigan sentence on unrelated charges." *Id*. at 526. Perry appealed claiming "the trial court abused its discretion in ordering that his Indiana term [] be served consecutive to his Michigan term of incarceration." *Id*. at 527. Our court observed that it had not found any "controlling precedent authorizing an Indiana court to order a sentence to run concurrent with a sentence being served in another state[,]" and therefore, we affirmed the trial court's judgment. *Id*.

[9] Brewer pleaded guilty to rape in Ohio, and child molestation in Indiana. A.T. was the victim of Brewer's crimes in Indiana and Ohio, but that does not entitle Brewer to serve his sentence in Indiana concurrent to his Ohio sentence. For the reasons expressed in *Perry*, we conclude that the trial court properly ordered Brewer to serve his sentences consecutively. *See id.* at 528 (holding that the trial court did not abuse its discretion in ordering aggregate sentences to run consecutive to previously imposed terms of incarceration).

## II. Inappropriate Sentence

[10] Brewer also argues that his sixteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Specifically, Brewer

argues that his sentence is inappropriate because "[t]here was no indication that [he] had ever engaged in any similar conduct with any other under aged person at any other time." Appellant's Br. at 13.

[11] Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting our review, "[w]e do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Thus, although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id*. at 1225. It is Brewer's burden on appeal to establish that his sentence is inappropriate. *Grimes v. State*, 84 N.E.3d 635, 645 (Ind. Ct. App. 2017), *trans. denied.*

[12] When considering the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). Brewer pleaded guilty to two Class B felonies and was ordered to serve concurrent terms of sixteen years, with twelve years executed in the DOC and four years

suspended to probation. The advisory sentence for a Class B felony is ten years, with a sentencing range of six to twenty years.[4] Ind. Code § 35-50-2-5(a). Because he pleaded guilty to two Class B felonies, Brewer faced a possible maximum sentence of forty years. Therefore, his concurrent sentences of sixteen years for each conviction is significantly less than the maximum he could have received.

[13]   "[W]hether we regard a sentence as appropriate [] turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad of other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. With respect to the nature of the offense here, Brewer took advantage of his girlfriend's younger sister and violated a position of trust. He first fondled A.T., who was between eight and ten years old, while she was playing a video game in his room. Brewer's girlfriend caught him showing A.T. his penis, and when questioned, Brewer lied stating A.T. had asked to see it. Over the course of four years, Brewer convinced A.T. to engage in fellatio, manual penis stimulation to ejaculation, and clitoral stimulation. Brewer was aware of A.T.'s young age when the molestation began.

[14]   As to his character, Brewer does not have a criminal history unrelated to the commission of the offenses against A.T. However, Brewer was in a position of trust with A.T. He babysat A.T. on multiple occasions. Brewer not only

---

[4] In 2013, the General Assembly changed the classification of criminal offenses from Classes to Levels of a felony. Sentencing schemes were adjusted accordingly. *See* P.L. 158-2013 § 657.

violated his position of trust over A.T. by touching her inappropriately and having her engage in other sexual conduct, but he also attempted to place the blame on A.T. When the conduct began, twenty-one-year-old Brewer had graduated high school and attended two years of college. A.T. was between the ages of eight and ten years old and was afraid to tell anyone about the molestation. While Brewer argues that his guilty plea and expression of remorse reflect well on his character, his violation of A.T.'s trust is an aggravator that more than outweighs his contrite behavior in the face of overwhelming evidence.

[15] The ongoing nature of and numerous molestations more than support the trial court's decision to impose a sixteen-year sentence, with twelve years executed in the DOC and four years suspended to probation. For all of these reasons, we conclude that Brewer's sentence is not inappropriate in light of the nature of the offense and his character.

## Conclusion

[16] The trial court did not abuse its discretion when it sentenced Brewer to serve his Indiana term consecutive to his Ohio term, and the sentence was not inappropriate in light of the nature of the offense and Brewer's character.

[17] Affirmed.

Riley, J., and May, J., concur.