FILED
Apr 10 2017, 9:18 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT *PRO SE*

Jacob L. Maciaszek
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jacob Lee Maciaszek,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 10, 2017

Court of Appeals Case No.
43A03-1512-CR-2355

Appeal from the Kosciusko
Superior Court

The Honorable David C. Cates,
Judge

Trial Court Cause No.
43D01-1205-FB-319

**May, Judge.**

Jacob Lee Maciaszek appeals the trial court's denial of his request for presentence credit time. We affirm in part, reverse in part, and remand.

## Facts and Procedural History

On May 22, 2012, the State charged Maciaszek with two counts of Class B felony burglary[1] and two counts of Class D felony theft.[2] The next day, the State placed a hold on Maciaszek in Collier County, Florida, where he was serving a sentence on an unrelated conviction with a release date of August 1, 2012. When Indiana placed that hold, Maciaszek was already subject to holds placed by New Hampshire and Maine,[3] where he also was alleged to have committed crimes.

After completing his sentence in Florida, Maciaszek was transported to New Hampshire, where he was found guilty and given a sentence of one-and-a-half to six years, with a parole eligibility date of February 27, 2014. On January 10, 2013, while incarcerated in New Hampshire, Maciaszek filed a Request for Disposition of his pending Indiana charges under the Interstate Agreement on Detainers ("IAD"), which provides a mechanism for the "attendance of

---

[1] Ind. Code § 35-43-2-1(1) (1999).

[2] Ind. Code § 35-43-4-2(1) (2009).

[3] The record does not indicate the resolution of the charges in Maine.

defendants confined as prisoners in institutions of other jurisdictions of the United States" in an Indiana court.  Ind. Code § 35-33-10-4 (1981).

[4]     Based on his request, Indiana authorities took custody of Maciaszek on March 19, 2013, and transported him to Indiana.  On August 6, 2013, he pled guilty to two counts of Class B felony burglary and was sentenced to sixteen years with no credit for time served prior to sentencing ("Indiana Sentence").  The trial court ordered Maciaszek "shall be immediately returned to the New Hampshire State Prison, Northern Correctional Facility, Berlin, New Hampshire.  Upon completion of the New Hampshire sentence, authorities of the State of Indiana shall be notified and custody of Jacob Maciaszek returned to the State of Indiana." (App. at 9/1.[4])

[5]     On November 5, 2015, Maciaszek filed, *pro se*, a "Verified Petition for Presentence Jail Time Credit and Earned Credit Time," (*id*. at 13), arguing he should have been given credit on his Indiana Sentence from May 23, 2012, when Indiana put a hold on him in Florida, until his sentencing in Indiana on August 6, 2013.  The trial court did not hold a hearing, and on December 4, 2015, the trial court denied Maciaszek's petition.

# Discussion and Decision

---

[4] "9/1" is the page number as it appears in Maciaszek's Appendix.

[6]     We first note Maciaszek proceeded at the trial court level and proceeds in this appeal *pro se*. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[7]     Indiana Code Section 35-50-6-3 (2015) provides, regarding good credit time for a person convicted of a crime that occurred prior to July 1, 2014:

> (b) A person assigned to Class I earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing.
>
> (c) A person assigned to Class II earns one (1) day of good time credit for every two (2) days the person is imprisoned for a crime or confined awaiting trial or sentencing.
>
> (d) A person assigned to Class III earns no good time credit.
>
> (e) A person assigned to Class IV earns one (1) day of good time credit for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

[8] As our Indiana Supreme Court has noted, when a defendant challenges the validity of the pre-sentence credit time he received, there are two types of credit that must be calculated: "(1) the credit toward the sentence a prisoner receives for time actually served, and (2) the additional credit a prisoner receives for good behavior and educational attainment." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999). We will refer herein to these two distinct types of credit as "credit for actual time served" and "good time credit."

[9] To determine whether a prisoner is entitled to pre-trial credit for actual time served, we must determine whether the defendant was confined before trial and whether that confinement was the "result of the criminal charge for which [the] sentence is being imposed." *Stephens v. State*, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied*. *See* Ind. Code § 35-50-6-3 (requiring defendant be "confined awaiting trial or sentencing"). Thus, for example,

> [i]f a person incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, he or she is entitled to receive credit time applied against each separate term. However, if the defendant receives consecutive terms, he or she is only allowed credit time against the total or aggregate of the terms.

*Payne v. State*, 838 N.E.2d 503, 510 (Ind. Ct. App. 2005), *trans. denied*.

[10] Once we have determined whether a prisoner was entitled to credit for actual time served and, if so, how many days were earned, then we may turn to Indiana Code Section 35-50-6-3 to determine how many days of good time credit were also earned. Good time credit under that statute is a "matter of

statutory right, not a matter of judicial discretion." *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). The trial court simply calculates how many good time credit days the defendant earned based on the number of days of actual time served and the defendant's "Class," as defined in Indiana Code Section 35-50-6-4.

Here, Maciaszek asserts error in the calculation of presentence credit time. At issue are two different periods of time: (1) when he was incarcerated in foreign jurisdictions from May 23, 2012, to March 18, 2013, and (2) when he was incarcerated in Indiana awaiting trial and sentencing from March 19, 2013, to August 6, 2013. Within each of those periods of time, we will examine Maciaszek's requests for "credit time" in terms of "credit for actual time served" and "good credit time."

## I. Presentence Credit for Time Incarcerated in Foreign Jurisdictions

[11] Maciaszek was in jail for an unrelated charge in Florida at the time Indiana put a hold on him for the crimes alleged in Indiana. The Indiana hold was subsequent to holds placed by New Hampshire and Maine for crimes he allegedly committed in those states. After Florida released Maciaszek, he was transported to New Hampshire, where he was found guilty of the charged crimes and sentenced to one-and-a-half to six years incarcerated.

[12] Maciaszek argues he should receive credit for actual time served and good time credit on his Indiana Sentence for the time he spent incarcerated in Florida and

New Hampshire prior to his Indiana Sentence. Maciaszek relies on a portion of *Dolan v. State*, 420 N.E.2d 1364 (Ind. Ct. App. 1981), in which we stated:

> Where a defendant is confined during the same time period for multiple offenses and the offenses are tried separately, the defendant is entitled to a "full credit" for each offense for which he is sentenced. Each "full credit" is determined by the number of days the defendant spent in confinement for the offense for which the defendant is sentenced up to the date of sentencing for that offense. Ordinarily, the presentence time served credit whether the defendant is held on one or multiple offenses is determined by the same method. The credit will be the number of days the defendant spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense.

*Id.* at 1373. However, Maciaszek ignores the other language in *Dolan*:

> Although IC 35-50-6-3 states a defendant is allowed credit for time "confined awaiting trial or sentencing," we conclude the Legislature clearly intended the credit to apply only to the sentence for the offense for which the presentence time was served. Any other result would allow credit time for time served on wholly unrelated offenses. Under the criminal justice system, once convicted, the defendant must serve the sentence imposed for the offense committed. Credit time allowed by legislative grace toward a specific sentence clearly must be for time served for the offense for which that specific sentence was imposed.

*Id.* Our court concluded Dolan was not entitled to presentence credit time on his sentence in one county for time spent in jail on an unrelated charge in another county.

[13]    We recently applied Dolan to a case involving credit for actual time served in *Purdue v. State*, 51 N.E.3d 432 (Ind. Ct. App. 2016). In *Purdue*, the trial court denied Purdue credit for actual time served awaiting trial for Level 6 felony theft because he was also serving time on two offenses that were dismissed as part of his plea agreement. Our court reasoned those two offenses, though not committed at the same time, were not "wholly unrelated" under *Dolan*, 420 N.E.2d at 1373, as to deny Purdue presentence credit for actual time served for the theft charge because "the three cause numbers, and the underlying charges of each, were considered together during the give and take process of plea negotiations." *Purdue*, 51 N.E.3d at 438.

[14]    The same is not true here, where the charges Maciaszek faced in Indiana were not related to those with which he had been convicted in Florida and New Hampshire. Further, *Purdue* distinguished its holding from situations like Maciaszek's in noting Purdue "did not ask the trial court to grant accrued time for confinement spent in another state or another county." *Id*. at 438. We thus hold the trial court did not err when it refused Maciaszek's request for credit time[5] for the days he served in Florida and New Hampshire on unrelated charges from May 23, 2012, to March 18, 2013.

## II. Presentence Credit Time for Time Spent in Indiana Awaiting Trial

---

[5] As Maciaszek is not entitled to credit for actual time served against his Indiana Sentence, he is also not entitled to good time credit, which allows for extra days of credit based on the credit class of the offender and the actual days the offender served. *See* Ind. Code § 35-50-6-3 (good credit time statute).

[15] Maciaszek also contends he is entitled to presentence credit time from March 19, 2013, to August 6, 2013. Those are the days he spent in Indiana, specifically at the Kosciusko County Jail, after he was extradited from New Hampshire to stand trial for the charges against him in Indiana.

## A. Credit for Actual Time Served

[16] Maciaszek's facts closely parallel those in *Ramirez v. State*, 455 N.E.2d 609 (Ind. Ct. App. 1983), *cert. granted sub nom. Ramirez v. Indiana*, 469 U.S. 929 (1984), *judgment summarily affirmed without opinion sub nom. Ramirez v. Indiana*, 471 U.S. 147 (1985), *reh'g denied*. Ramirez was incarcerated in Michigan when he was transported to Indiana to stand trial for charges filed against him in Indiana. He was convicted of the Indiana charges and sentenced accordingly. Ramirez then petitioned the trial court for credit time against his Indiana sentence for the time he was incarcerated in Michigan prior to his sentence as well as the time he was in jail in Indiana awaiting trial. The trial court denied Ramirez's request, and he appealed.

[17] Like in *Dolan*, the court held Ramirez was not entitled to presentence credit for the days he served in Michigan on a Michigan conviction. *Id*. at 617. However, the court held Ramirez was entitled to credit time for the days he spent in jail in Indiana awaiting trial on Indiana charges. *Id*. The court stated:

> The State argues because Ramirez apparently received credit against his Michigan sentence for the days he was in the Howard County Jail awaiting trial and sentencing on the Indiana drug charges, he is not entitled to also receive credit time for those

days in Indiana. The State is incorrect. There is no indication the sentences in [the Indiana drug convictions] were to run consecutively to the Michigan sentence. Because the Michigan and Indiana sentences must therefore be assumed to be concurrent, it would appear Ramirez was entitled to have the 322 days [he spent in the Howard County Jail awaiting trial and sentencing on the Indiana drug charges] credited to both his Michigan sentence and to the aggregate of the two Indiana sentences.

*Id*. (citations and footnote omitted).

[18] The same is true here. In its "Amended Judgment of Conviction and Order of Commitment" the trial court stated: "[Maciaszek] shall be immediately returned to the New Hampshire State Prison, Northern Correctional Facility, Berlin, New Hampshire. Upon completion of the New Hampshire sentence, authorities of the State of Indiana shall be notified and custody of Jacob Maciaszek returned to the State of Indiana." (App. at 9/1.) That language does not indicate Maciaszek's Indiana Sentence was to be served consecutive to his sentence in New Hampshire. Nor was there language in Maciaszek's plea agreement to indicate his Indiana Sentence was to be served consecutive to his New Hampshire sentence. Thus, as in *Ramirez*, we must conclude the Indiana and New Hampshire sentences were to be served concurrently. We also must conclude, as in *Ramirez* and *Dolan* that Maciaszek is entitled to credit for actual time served in the Kosciusko County Jail awaiting trial on the Indiana charges. *See Dolan*, 420 N.E.2d at 1374 (absence of court order or statute to indicate sentences in two jurisdictions are to be served consecutively leads to the

conclusion the sentences are to be served concurrently; therefore, Dolan was entitled to presentence credit time for time spent in jail awaiting trial while still receiving credit against his sentence in a different jurisdiction).

[19]     Maciaszek was in the Kosciusko County Jail from March 19, 2013, until August 6, 2013, and the trial court erred by not giving Maciaszek credit for actual time served for those 141 days.

## B.  Good Time Credit

[20]     Because Maciaszek is entitled to credit for actual time served against the Indiana Sentence for the days he spent in Indiana awaiting trial on the Indiana charges, the trial court also should have determined whether Maciaszek was assigned to a credit class, as defined in Indiana Code Section 35-50-6-4 (2008), that allows him to also receive good time credit for those days.  *See* Ind. Code § 35-50-6-3.  We are unable to determine whether Maciaszek is to receive good time credit because the record before us does not indicate Maciaszek's credit class.   We therefore remand for the trial court to determine Maciaszek's credit class under Indiana Code Section 35-50-6-4 and to assign him the number of good time credit days to which he is entitled under Indiana Code Section 35-50-6-3.[6]  *See Robinson v. State*, 805 N.E.2d 783, 792 (Ind. 2004) ("a trial court's

---

[6] In his initial brief, Maciaszek argued he is also entitled to post-sentence credit for the time he spent in Indiana after sentencing awaiting extradition to New Hampshire.  In his reply brief, he acknowledged the waiver of that argument based on the fact he presented the issue for the first time on appeal, and he withdrew that issue from our consideration.

sentencing judgment must include both days imprisoned before sentencing and the credit time earned thereby, thus reflecting any credit time deprivation imposed before sentencing").

## Conclusion

[21] The trial could did not err when it denied Maciaszek's request for presentence credit for actual time served or for good time credit based on the time he spent incarcerated in Florida and New Hampshire prior to his extradition to Indiana. However, the trial court should have granted Maciaszek's request for presentence credit for actual time served and good time credit for the time he spent in Indiana awaiting trial on the Indiana charges. Accordingly, we affirm in part, reverse in part, and remand for amendment of Maciaszek's sentencing order to reflect a proper calculation of credit time.

[22] Affirmed in part, reversed in part, and remanded.

Najam, J., and Bailey, J., concur.