## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 02 2018, 9:34 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Centrell Lanier, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 2, 2018 <br><br> Court of Appeals Case No. <br> 49A02-1708-CR-1794 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa F. Borges, Judge <br><br> Trial Court Cause No. <br> 49G04-0907-FB-65821 |

**Baker, Judge.**

[1] Centrell Lanier appeals the sentencing order entered upon his plea of guilty to Conspiracy to Commit Robbery Resulting in Serious Bodily Injury, a Class B felony.[1] Lanier argues that the trial court erroneously denied him credit time for his pretrial confinement. Finding no error, we affirm.

## Facts

[2] On July 20, 2009, the State charged Lanier with conspiracy to commit robbery, a Class B felony. At the time, Lanier was incarcerated in Illinois serving an executed sentence on an unrelated weapons charge.[2] At some point on or after July 20, 2009, Lanier was served with a warrant for the Indiana charge. On July 23, 2009, Lanier signed a waiver of extradition.

[3] In January 2010, while still incarcerated in Illinois, Lanier was charged with murder in Illinois. In December 2010, he was discharged from the Illinois sentence on his weapons conviction, but he remained in Illinois custody pending the trial on the murder charge.

[4] On September 13, 2011, the State filed an amended information, charging Lanier with three counts of felony murder, one count of Class A felony robbery, three counts of Class B felony criminal confinement, and one count of Class B felony conspiracy to commit robbery.

---

[1]Ind. Code § 35-42-5-1; Ind. Code § 35-41-5-2

[2] On November 9, 2009, Lanier was convicted on the Illinois weapons charge.

[5]     On April 21, 2016, Lanier was acquitted of murder in Illinois. He was turned over to Indiana on May 16, 2016, on the pending charges. On February 1, 2017, the State filed an additional count of Class B felony conspiracy to commit robbery resulting in serious bodily injury. The following day, Lanier pleaded guilty to one count of Class B felony conspiracy to commit robbery resulting in serious bodily injury in exchange for the dismissal of the other charges. The trial court sentenced Lanier to twenty-five years incarceration pursuant to the plea agreement.

[6]     On July 21, 2017, after a sentencing hearing, the trial court credited Lanier with 287 days for time served, beginning on the date of his acquittal of the Illinois murder charge, April 21, 2016, and ending on the date he pleaded guilty in Indiana, February 2, 2017. Lanier now appeals.

## Discussion and Decision

[7]     Lanier's sole contention on appeal is that the trial court erroneously calculated his pre-sentence credit time. He argues that the trial court erred by awarding him credit time dating back only to April 21, 2016, totaling 287 days. According to Lanier, he is entitled to credit time beginning on July 23, 2009, the date on which he waived extradition to Indiana, totaling 2,757 days. We disagree.

[8]     Presentence jail time is a matter of statutory right rather than a matter of judicial discretion. Weaver v. State, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). Indiana Code section 35-50-6-3 provides that a person earns one day of good

time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing. "Confined awaiting trial or sentencing" has been construed to mean confined as a result of the charge for which the defendant is being sentenced. Diedrich v. State, 744 N.E.2d 104, 105 (Ind. Ct. Ap. 2001). This Court interpreted Indiana Code section 35-50-6-3 as follows:

> "Although IC 35-50-6-3 states that a defendant is allowed credit for time 'confined awaiting trial or sentencing,' we conclude the Legislature clearly intended the credit to apply only to the sentence for the offense for which the presentence time was served. Any other result would allow credit time for time served on wholly unrelated offenses."

Maciaszek v. State, 75 N.E.3d 1089, 1093 (Ind. Ct. App. 2017) (quoting Dolan v. State, 420 N.E.2d 1364, 1373 (Ind. Ct. App. 1981)), trans. denied.

[9] While Lanier was subject to pretrial confinement in Illinois, that confinement was not a result of the criminal charges he faced in Indiana. Lanier claims he was incarcerated in Illinois because of the Indiana arrest warrant, but in fact, at the time he waived extradition to Indiana, he was serving a sentence on an unrelated charge. Then, before that sentence was fully served, Lanier was charged with murder. Despite eventually being discharged from the Illinois weapons sentence, he remained in Illinois custody pending trial on the new murder charge. Not until he was acquitted for murder on April 21, 2016, was Lanier being held on the Indiana charges.

[10] As a result, Lanier is entitled to credit time from the date of that acquittal, April 21, 2016, to the date of his guilty plea, February 2, 2017, which totals 287 days.

Under these circumstances, we find that the trial court did not err in calculating Lanier's credit time.

[11] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.