FILED

Nov 08 2018, 7:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Jacob L. Maciaszek
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacob L. Maciaszek, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 8, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-939 <br><br> Appeal from the Kosciusko <br> Superior Court <br><br> The Honorable David C. Cates, <br> Judge <br><br> Trial Court Cause No. <br> 43D01-1205-FB-319 |

**Bailey, Judge.**

# Case Summary

Jacob L. Maciaszek ("Maciaszek") appeals, pro se, his sentence, following a guilty plea, for two counts of burglary, as Class B felonies.[1] He raises two issues on appeal, but we consider only the dispositive issue of whether the trial court abused its discretion when it ordered that Maciaszek's sentence be served consecutively to his sentence imposed by the State of New Hampshire.

We reverse and remand.

# Facts and Procedural History

In a decision dated April 10, 2017, this court set forth the following facts and procedural history of Maciaszek's prior appeal from the denial of credit time in this case:

> On May 22, 2012, the State charged Maciaszek with two counts of Class B felony burglary and two counts of Class D felony theft. The next day, the State placed a hold on Maciaszek in Collier County, Florida, where he was serving a sentence on an unrelated conviction with a release date of August 1, 2012. When Indiana placed that hold, Maciaszek was already subject to holds placed by New Hampshire and Maine, where he also was alleged to have committed crimes.
>
> After completing his sentence in Florida, Maciaszek was transported to New Hampshire, where he was found guilty and

---

[1] Ind. Code § 35-43-2-1(1) (2011).

given a sentence of one-and-a-half to six years, with a parole eligibility date of February 27, 2014. On January 10, 2013, while incarcerated in New Hampshire, Maciaszek filed a Request for Disposition of his pending Indiana charges under the Interstate Agreement on Detainers ("IAD"), which provides a mechanism for the "attendance of defendants confined as prisoners in institutions of other jurisdictions of the United States" in an Indiana court. Ind. Code § 35-33-10-4 (1981).

Based on his request, Indiana authorities took custody of Maciaszek on March 19, 2013, and transported him to Indiana. On August 6, 2013, he pled guilty to two counts of Class B felony burglary and was sentenced to sixteen years with no credit for time served prior to sentencing ("Indiana Sentence"). The trial court ordered Maciaszek "shall be immediately returned to the New Hampshire State Prison, Northern Correctional Facility, Berlin, New Hampshire. Upon completion of the New Hampshire sentence, authorities of the State of Indiana shall be notified and custody of Jacob Maciaszek returned to the State of Indiana." (App. at 9/1 [sic]).

On November 5, 2015, Maciaszek filed, pro se, a "Verified Petition for Presentence Jail Time Credit and Earned Credit Time," (*id*. at 13), arguing he should have been given credit on his Indiana Sentence from May 23, 2012, when Indiana put a hold on him in Florida, until his sentencing in Indiana on August 6, 2013. The trial court did not hold a hearing, and on December 4, 2015, the trial court denied Maciaszek's petition.

*Maciaszek v. State*, 75 N.E.3d 1089, 1090-91 (Ind. Ct. App. 2017) (footnotes omitted), *trans. denied* (hereinafter, "*Maciaszek I*").

[4] In *Maciaszek I*, we held that Maciaszek was entitled to credit time for actual time served in Indiana while awaiting trial on the Indiana charges, i.e., 141

days, and to a determination of his credit class and good time credit due. *Id*. at 1094. In reaching this holding, we noted that the trial court's judgment of conviction did not indicate whether his Indiana sentence was to be served consecutively to his New Hampshire conviction. Therefore, we stated: "we must conclude the Indiana and New Hampshire sentences were to be served concurrently." *Id*. We ordered the trial court, on remand, to award Maciaszek the credit for actual time served and to determine any good time credit due to him. *Id*. at 1095.

[5] On remand, on July 17, 2017, the trial court amended its judgment of conviction to award Maciaszek 141 days of credit for actual time served, and another 141 days for good time credit, for a total credit of 282 days. Appellant's App. at 42. On March 14, 2018, the trial court, sua sponte, issued another amended judgment of conviction which stated:

> PURSUANT TO I.C. 35-50-1-2[,] [j]udgment entered herein shall be served consecutively to the sentence imposed by the State of New Hampshire for which Defendant was serving a suspended sentence revocation at the time of the instant offense herein.

*Id*. at 43. Maciaszek now appeals that amended judgment.

# Discussion and Decision

## Standard of Review

[6] Maciaszek appeals the trial court's order that he serve his sentence consecutively to his sentence in New Hampshire. "The decision to impose

consecutive or concurrent sentences lies within the trial court's sound discretion, and, on appeal, we review the trial court's decision only for an abuse of that discretion." *Henderson v. State*, 44 N.E.3d 811, 814 (Ind. Ct. App. 2015). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, "or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014), *trans. denied*. The defendant "has the burden to establish that prejudicial error was committed." *Nasser v. State*, 727 N.E.2d 1105, 1110 (Ind. Ct. App. 2000), *trans. denied*. However, because we already decided this same issue in a prior appeal of this case, the law of the case doctrine bars the trial court from reconsidering it.

## Law of the Case

[7]     The "law of the case doctrine" is a discretionary tool by which appellate courts decline to revisit legal issues already determined on appeal in the same case and on substantially the same facts. *Wells Fargo Bank, N.A. v. Summers*, 974 N.E.2d 488, 502 (Ind. Ct. App. 2012) (quotation and citation omitted), *trans. denied*. Under that doctrine, the decision of an appellate court becomes the law of the case and governs the case throughout all of its subsequent stages, as to all questions which were presented and decided, both directly and indirectly. *E.g.*, *Terex-Telelect, Inc. v. Wade*, 59 N.E.3d 298, 303 (Ind. Ct. App. 2016), *trans. denied*. However, to invoke the law of the case doctrine, "the matters decided in the prior appeal must clearly appear to be the only possible construction of the opinion." *Travelers Cas. & Sur. Co. v. Maplehurst Farms, Inc.*, 18 N.E.3d 311, 315

(Ind. Ct. App. 2014) (quoting *Riggs v. Burell*, 619 N.E.2d 562, 564 (Ind. 1993)), *trans. denied*.

[8] Here, there is no question that this court already decided that the Indiana and New Hampshire sentences run concurrently;[2] we stated "the Indiana and New Hampshire sentences were to be served concurrently." *Maciaszek I* at 1094. That holding is unambiguous, with only one possible construction. And that holding was key to our ultimate determination that Maciaszek was entitled to actual credit time for the period during which he was incarcerated in Indiana awaiting trial. *Id*. at 1092 (quoting *Payne v. State*, 838 N.E.2d 503, 510 (Ind. Ct. App. 2005), *trans. denied*, for the proposition that "[i]f a person incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, he or she is entitled to receive credit time applied against each separate term").

[9] However, the State contends, and the trial court held, that consecutively running sentences were required in this case under Indiana Code Section 35-50-1-2(e)[3] because Maciaszek was "serving a suspended sentence revocation [in New Hampshire] at the time of the [Indiana] offense." Appellant's App. at 43.

---

[2] Although Maciaszek, who appeals pro se, did not use the term "law of the case doctrine" in his briefs, he nevertheless raised that issue when he argued that our ruling in *Maciaszek I* was controlling and the trial court was bound by it. *See* Appellant's Br. at 9, 13; Appellant's Reply Br. at 8-9, 11-12, 14.

[3] Indiana Code Section 35-50-1-2(e) provides that terms of imprisonment must run consecutively if, after being arrested for one crime, a person commits another crime either (1) before the person is discharged from probation, parole, or imprisonment imposed for the first crime, or (2) while the person is released on bond or his own recognizance for the first crime.

That specific issue was not raised or decided in *Maciaszek I*, nor was the relevant fact—i.e., whether Maciaszek was serving a suspended sentence or revocation of the same in New Hampshire at the time he committed the Indiana offense—presented in *Maciaszek I*. Therefore, if that is indeed a new fact, the law of the case doctrine would have no application here. *See In re Change to Established Water Level of Lake of Woods in Marshall Cty.*, 822 N.E.2d 1032, 1044 (Ind. Ct. App. 2005) (citing *Fair Share Org., Inc. v. Mitnick*, 198 N.E.2d 765, 766 (Ind. 1964)) ("Indeed, where new facts are elicited upon remand that materially affect the questions at issue, the court upon remand may apply the law to the new facts as subsequently found."), *trans. denied*.

[10] There is no evidence of any new, material fact in the matter of Maciaszek's sentencing. The Indiana presentence investigation report (PSI)[4] shows that Maciaszek committed the Indiana crime on December 10, 2011. Appellant's App. at 7. However, the PSI shows that New Hampshire did not sentence Maciaszek until November 20, 2012, almost one year after he committed the Indiana crime.[5] Therefore, at the time of the Indiana offense, Maciaszek could not have had his New Hampshire sentence suspended or had the suspension

---

[4] It appears that the PSI was not a part of the record in *Maciaszek I*.

[5] The PSI also shows that Florida had not arrested or sentenced Maciaszek at the time he committed the Indiana offenses. *Id*.

revoked, as the trial court incorrectly found,[6] and there is no basis for applying Indiana Code Section 35-50-1-2(e) to this case.[7]

[11] However, there is a difference of opinion among our panel as to whether our prior decision in this case was in error. In *Maciaszek I*, we relied upon *Ramirez v. State*, 455 N.E.2d 609, 617 (Ind. Ct. App. 1983), *cert. granted sub nom. Ramirez v. Indiana*, 469 U.S. 929 (1984), *judgment summarily aff'd without opinion*, 471 U.S. 147 (1985), *reh'g denied*, for the proposition that, where there is no indication whether sentences for different crimes in different jurisdictions are to run consecutively or concurrently, we assume the sentences are to run concurrently. Although *Ramirez* was summarily affirmed by the United States Supreme Court, Indiana cases decided since *Ramirez* have clearly held "there is no right to serve concurrent sentences for different crimes in the absence of a statute so providing, and that concurrent sentences may be ordered only when they are to be served at the same institution." *Sweeney v. State*, 704 N.E.2d 86, 110 (Ind. 1998) (quoting *Shropshire v. State*, 501 N.E.2d 445, 446 (Ind. 1986)); *see also Perry v. State*, 921 N.E.2d 525, 527 (Ind. Ct. App. 2010) ("Perry has failed to cite and

---

[6] Nor is there any evidence that Maciaszek had been arrested for the New Hampshire crime at the time he committed the Indiana crime. *Id.*

[7] Because we reverse the trial court's amended judgment of conviction, we need not address Maciaszek's claim that he had a right, pursuant to Indiana Code Section 35-38-1-15, to be present at the correction of his sentence. However, we note that Ind. Code § 35-38-1-15 "is applicable only when a defendant files a motion to correct an erroneous sentence." *Ousley v. State*, 807 N.E.2d 758, 760 (Ind. Ct. App. 2004). Here, the court's resentencing order followed this court's prior decision and not a motion to correct erroneous record, Appellant's App. at 53. *See Davis v. State*, 978 N.E.2d 470, 473 (Ind. Ct. App. 2012) (finding statute inapplicable under similar procedural posture).

we have found no controlling precedent authorizing an Indiana court to order a sentence to run concurrent with a sentence being served in another state.").[8]

[12] Regardless of whether *Maciaszek I* was erroneously decided, we hold that the law of the case doctrine requires that that decision controls in this case.[9] Indiana applies the law of the case doctrine "in its strictest sense and has resisted creating exceptions to the strict application of the doctrine." *Ind.-Ky. Elec. Corp. v. Save the Valley, Inc.*, 953 N.E.2d 511, 518 (Ind. Ct. App. 2011) (citing *Ind. Farm Gas Prod. Co. v. S. Ind. Gas & Elec. Co.*, 662 N.E.2d 977, 981 (Ind. Ct. App. 1996), *trans. denied*), *trans. denied*. And "Indiana courts have held numerous times that the law of the case must be followed *even when the earlier decision is deemed to be incorrect*." *Id*. (emphasis added). We have recognized a narrow exception when application of the law of the case doctrine would "work a manifest injustice." *Ind. Farm Gas Prod. Co.*, 662 N.E.2d at 981; *see also* E.H. Schopler, Annotation, *Erroneous Decision as Law of the Case on Subsequent Appellate Review*, 87 A.L.R. 2d 271, § 15[a] (noting that courts will apply the law of the case doctrine even to an erroneous prior decision where, among other things, a correction of the former error would create a hardship or where the prior decision resulted in a change in a party's status upon which the party relied).

---

[8] We note that *Ramirez* involved two different crimes and sentences within two different jurisdictions of Indiana.

[9] We note that neither *Sweeney*, *Shropshire*, nor *Perry* involved the application of the law of the case doctrine.

Here, it would create a hardship and work a manifest injustice to Maciaszek if we did *not* apply the law of the case doctrine, in that he would be subject to additional incarceration time. Therefore, we apply that doctrine.

# Conclusion

The trial court was barred from revisiting whether Maciaszek's Indiana and New Hampshire sentences run consecutively, as we already decided in *Maciaszek I* that they do not, there are no new facts that materially affect our prior decision, and it would work a hardship on Maciaszek and result in a manifest injustice if we failed to apply the law of the case doctrine in this case.

Reversed and remanded for resentencing.

Mathias, J., concurs.
Bradford, J., dissents with opinion.

Jacob L. Maciaszek,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

Court of Appeals Case No.
18A-CR-939

**Bradford, Judge, dissenting.**

[1]     Because I believe that application of the law of the case doctrine results in the imposition of an illegal sentence, I respectfully dissent and vote to affirm the trial court.

[2]     The Indiana Supreme Court has established "that there is no right to serve concurrent sentences for different crimes in the absence of a statute so providing, and that concurrent sentences may be ordered only when they are to be served at the same institution." *Sweeney v. State*, 704 N.E.2d 86, 110 (Ind. 1998). Stated differently, "[s]entences to penal institutions of different jurisdictions are cumulative and not concurrent." *Perry v. State*, 921 N.E.2d 525, 527–28 (Ind. Ct. App. 2010). "Moreover, a defendant is not even entitled to credit on his Indiana sentence while he is incarcerated in another jurisdiction

for a totally different offense." *Carrion v. State*, 619 N.E.2d 972, 973 (Ind. Ct. App. 1993).

[3]     In this case, Maciaszek was serving a sentence in New Hampshire when he was sentenced in relation to his criminal behavior in Indiana. In an earlier appeal, a panel of this court noted that because the trial court's judgment of conviction did not specify whether Maciaszek's Indiana sentence was to run concurrently or consecutively to his New Hampshire sentence, "we must conclude that the Indiana and New Hampshire sentences were to be served concurrently." *Maciaszek v. State*, 75 N.E.3d 1089, 1094 (Ind. Ct. App. 2017) ("*Maciaszek I*"), *trans. denied*. The matter was remanded to the trial court, and, on March 14, 2018, the trial court entered an amended judgment of conviction in which it clarified that Maciaszek's Indiana sentence would run consecutively to his New Hampshire sentence.

[4]     Maciaszek challenges the propriety of the trial court's amended judgment, arguing that under the law of the case doctrine, the trial court was bound by the conclusion in *Maciaszek I* that the Indiana and New Hampshire sentences would run concurrently. Generally, the law of the case doctrine binds the court on appeal in any subsequent appeal, and the doctrine applies whether the earlier decision was right or wrong. *See Ind. Farm Gas Prod. Co., Inc. v. S. Ind. Gas & Elec. Co.*, 662 N.E.2d 977, 981 (Ind. Ct. App. 1996) (providing that the law of the case doctrine should generally be followed "even when the earlier decision is deemed to be incorrect"). However, contrary to this general practice, the Indiana Supreme Court has held that appellate courts have "always maintained

the option of reconsidering earlier cases in order to correct error." *State v. Huffman*, 643 N.E.2d 899, 901 (Ind. 1994). A court has the power to revisit its prior decisions "in any circumstance." *Id*. This is especially so when the earlier decision was "'clearly erroneous and would work a manifest injustice.'" *State v. Lewis*, 543 N.E.2d 1116, 1118 (Ind. 1989) (quoting *Ariz. v. Cal.*, 460 U.S. 605, 618 n.8 (1983)).

[5] Pursuant to *Sweeney*, *Perry*, and *Carrion*, Maciaszek's Indiana sentence must run consecutively to his New Hampshire sentence. *See Sweeney*, 704 N.E.2d at 110; *Perry*, 921 N.E.2d at 527–28; *Carrion*, 619 N.E.2d at 973. Therefore, application of the law of the case doctrine would result in the imposition of an illegal sentence. We have previously concluded that when the sentence imposed is improper, "it is the general if not unanimous rule that the trial court has the power to vacate the illegal sentence and impose a proper one." *Lockhart v. State*, 671 N.E.2d 893, 904 (Ind. Ct. App. 1996). Further, although one could argue that Maciaszek would suffer a manifest injustice, *i.e.*, he would be subjected to a longer term of incarceration, if the law of the case doctrine were not applied, we have previously recognized that following vacation of an illegal sentence, the trial court may impose a proper sentence even if it "results in an increased sentence." *Niece v. State*, 456 N.E.2d 1081, 1084 (Ind. Ct. App. 1983). Thus, given the interstate nature of Maciaszek's seemingly repetitive criminal behavior, one could reasonably conclude that application of a lawful sentence will not result in a manifest injustice to him. Moreover, one could also reasonably conclude that imposition of illegal concurrent sentences would result

in a manifest injustice to the citizenry of both Indiana and New Hampshire, especially those individuals victimized by Maciaszek.