## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2019, 6:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Randall Ray Kratzer, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 31, 2019 <br><br> Court of Appeals Case No. 19A-CR-1181 <br><br> Appeal from the Dubois Circuit Court <br><br> The Honorable Mark R. McConnell, Judge <br><br> Trial Court Cause No. 19C01-1808-F6-901 19C01-1310-FB-821 |

**Tavitas, Judge.**

# Case Summary

Randall Ray Kratzer appeals the trial court's determination of jail time credit following its revocation of Kratzer's probation and work release placement and following his conviction for failure to return to lawful detention, a Level 6 felony. We affirm.

# Issue

Kratzer's sole issue on appeal is whether the trial court erroneously denied Kratzer jail time credit to which he was entitled.

# Facts

This appeal stems from Kratzer's numerous periods of pretrial confinement between 2012 and 2019 in several different jurisdictions. In December 2012 and January 2013, respectively, Kratzer was charged in separate causes with driving with a suspended license having a prior conviction within ten years and failure to appear on a felony charge in Perry County, Indiana ("the Perry County offenses"). In September and November of 2013, Kratzer was charged in Vanderburgh County, Indiana with separate counts of theft, Class D felonies ("the Vanderburgh County Offenses").

In October 2013, the State charged Kratzer in Cause 19C01-1310-FB-821 ("FB-821") with confining and compelling T. to engage in sexual intercourse in Dubois County, Indiana. On May 21, 2014, Kratzer pleaded guilty in Cause FB-821 to Count I, criminal confinement, a Class D felony; Count II, sexual battery, a Class D felony; and Count III, to being a habitual offender. The plea

agreement provided: "In the event [Kratzer] violates any of the terms of Community Corrections or Probation, [Kratzer]'s Community Corrections and Probation sentences shall be revoked, and he will be remanded to the [DOC] for the remainder of his sentence." Kratzer's Conf. App. Vol. II p. 90.

[5] During the hearing on Kratzer's guilty plea in Dubois County, counsel for Kratzer advised the trial court that Vanderburgh and Perry Counties had holds on Kratzer and requested that "he be released to work release" to "allow him . . . to take care of these holds and so that when we come back for sentencing, he would be ready to go." Tr. Vol. II p. 12. The trial court replied that it was amenable to allowing the other counties to take custody of Kratzer, but that "there would be a hold on [Kratzer in Dubois County] so that [Vanderburgh and Perry Counties] don't turn [Kratzer] loose. . . ." *Id*. at 11.

[6] On June 17, 2014, Kratzer was sentenced in Cause FB-821 to: Count I, three years in the DOC, comprised of one year in the Dubois County Security Center, and two years on community corrections work release; Count II, three years on community corrections work release; and Count III, four years suspended to probation, including two years on adult day reporting, with the sentences to be served consecutively. The trial court awarded Kratzer 166 days of jail time credit for time served in Dubois County.[1] The trial court also

---

[1] Kratzer received 166 days of jail time credit for time served in Dubois County from November 25, 2013, to February 3, 2014, and from March 15, 2014, to June 16, 2014. During the sentencing hearing, Kratzer argued that he was entitled to additional jail time credit. At the time, Kratzer had not received jail time credit in Vanderburgh or Perry Counties for time spent in jail in either county.

ordered Kratzer to report to work release within three hours of sentencing that same day. Kratzer "absconded."[2] *Id.* at 237.

[7] On September 19, 2014, Kratzer was sentenced, pursuant to a plea agreement, to time served for the Vanderburgh County offenses and was awarded 308 days of jail time credit. On October 9, 2014, Kratzer pleaded guilty to one of the two Perry County offenses in exchange for dismissal of the other charged offense. Kratzer was sentenced to time already served. *See* Exhibits Vol. p. 11.

[8] Beginning on approximately December 2, 2015, Kratzer was incarcerated for several years on various criminal charges in Daviess County, Kentucky.[3] *See* Tr. Vol. II p. 40; State's Ex. 4.

[9] On June 7, 2016, in Dubois County, Indiana, the State petitioned to revoke Kratzer's work release placement; and the trial court issued bench warrants for Kratzer's arrest. The State subsequently filed an amended petition to revoke his probation.

---

[2] Kratzer did not return to Dubois County's custody until April 2018.

[3] On August 11, 2016, Kratzer was sentenced, pursuant to a plea agreement, to three years in the Commonwealth of Kentucky's Department of Correction for "theft by failure to make required disposition of property valued at $500.00 or more." Exhibits Vol. p. 25. On October 20, 2016, Kratzer was sentenced, pursuant to a plea agreement, to one year in the Commonwealth of Kentucky's Department of Correction for "theft by failure to make required disposition of property valued at $500.00 but less than $10,000.00." *Id.* at 20, 21. The Kentucky Court ordered Kratzer's Kentucky sentences to be served consecutively, for an aggregate three-year sentence. Kratzer was in custody in Kentucky from December 2, 2015, until he was discharged to "post incarceration supervision" on April 8, 2018, having fully served his Kentucky sentences. *See id.* at 32. Kratzer was then transported to Dubois County, Indiana. *See id.* at 16.

[10] On or about April 8, 2018, Kratzer was transported to Dubois County, Indiana, from Kentucky; on April 9, 2018, Kratzer appeared before the trial court in the custody of the Dubois County Sheriff's Department "as a result of a warrant." Kratzer's Conf. App. Vol. II p. 12. On April 10, 2018, the State filed an amended petition to revoke Kratzer's work release placement, and on April 13, 2018, the State filed a petition to revoke Kratzer's probation. At a hearing on April 16, 2018, Kratzer denied the allegations in the amended petition to revoke work release and the petition to revoke Kratzer's probation.

[11] On July 13, 2018, the trial court conducted a hearing on the petition to revoke work release and the petition to revoke Kratzer's probation. On August 10, 2018, Kratzer was unsuccessfully terminated from work release. The trial court placed Kratzer on pretrial release; however, he failed to return as scheduled and reportedly absconded from the jurisdiction. On August 13, 2018, the State charged Kratzer with failure to return to lawful detention in Dubois County in Cause 19C01-1808-F6-901 ("F6-901"). A bench warrant was issued for Kratzer's arrest. On August 14, 2018, the State filed a second petition to revoke Kratzer's work release placement. On August 24, 2018, the State filed its second petition to revoke Kratzer's probation. On or about August 21, 2018, law enforcement officials located Kratzer in Illinois and returned him to Dubois County custody.

[12] On January 7, 2019, the trial court conducted a fact-finding hearing on the petitions to revoke work release and probation. At the close of the evidence, the trial court found that Kratzer violated the terms of his work release and

probation in FB-821 and ordered Kratzer to be held pending disposition in F6-901. Kratzer was convicted by a jury in F6-901 on January 23, 2019. On March 28, 2019, the trial court ordered him to serve 3,285 days of his previously-suspended sentence in FB-821 in the DOC. In FB-821, the trial court awarded Kratzer 344 days of jail time credit and an additional 344 days of good credit time for his pretrial confinement from April 8, 2018, to August 10, 2018; and from August 21, 2018, to March 27, 2019. In F6-901, the trial court sentenced Kratzer to 547 days in the DOC, with the F6-901 and FB-821 sentences to be served consecutively. The trial court did not award jail time credit in F6-901. Kratzer filed a motion to correct error on April 26, 2019, which the trial court denied on April 30, 2019. Kratzer now appeals from the trial court's determination of jail time credit.

## Analysis

[13] Kratzer argues that he is entitled to additional jail time credit and good time credit applied to the aggregate of his sentences in FB-821 and F6-901, "from the time of his original 2013 arrest in Cause 1310-FB-000821, while being held in Dubois County, other Indiana jurisdictions, and in Illinois on an Indiana warrant." Kratzer's Br. pp. 12, 20. The State counters that Kratzer seeks to "double dip by receiving credit time for his time [spent incarcerated] from other counties and states." Appellee's Br. p. 11.

[14] Pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion. *Weaver v. State,* 725 N.E.2d 945, 948 (Ind. Ct. App. 2000).

Indiana Code Section 35-50-6-3 (2015) provides, regarding good time credit for a person convicted of a crime that occurred prior to July 1, 2014:[4]

(b) A person assigned to Class I earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing.

(c) A person assigned to Class II earns one (1) day of good time credit for every two (2) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

(d) A person assigned to Class III earns no good time credit.

(e) A person assigned to Class IV earns one (1) day of good time credit for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

As our Indiana Supreme Court has noted, when a defendant challenges the validity of the pre-sentence credit time he received, there are two types of credit that must be calculated: "(1) the credit toward the sentence a prisoner receives for time actually served, and (2) the additional credit a prisoner receives for good behavior and educational attainment." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999). * * * * *

To determine whether a prisoner is entitled to pre-trial credit for actual time served, we must determine whether the defendant was confined before trial and whether that confinement was the "result of the criminal charge for which [the] sentence is being

---

[4] Kratzer's FB-821 offense, which is the subject of the jail time credit issue, was committed prior to July 1, 2014.

imposed." *Stephens v. State*, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied. See* Ind. Code § 35-50-6-3 (requiring defendant be "confined awaiting trial or sentencing"). Thus, for example,

> [i]f a person incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, he or she is entitled to receive credit time applied against each separate term. However, if the defendant receives consecutive terms, he or she is only allowed credit time against the total or aggregate of the terms.

*Payne v. State*, 838 N.E.2d 503, 510 (Ind. Ct. App. 2005)), *trans. denied.*

> Once we have determined whether a prisoner was entitled to credit for actual time served and, if so, how many days were earned, then we may turn to Indiana Code Section 35-50-6-3 to determine how many days of good time credit were also earned. Good time credit under that statute is a "matter of statutory right, not a matter of judicial discretion." *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). The trial court simply calculates how many good time credit days the defendant earned based on the number of days of actual time served and the defendant's "Class," as defined in Indiana Code Section 35-50-6-4.

*Maciaszek v. State*, 75 N.E.3d 1089, 1091-92 (Ind. Ct. App. 2017)*, trans. denied.*

[15] Kratzer cites *Maciaszek* in support of his claim that he is entitled to additional jail time credit for time that he served in other jurisdictions while subject to a Dubois County hold. While Maciaszek served an unrelated sentence for a Florida conviction, Maciaszek was charged with criminal offenses in Indiana, and Indiana authorities placed a hold on Maciaszek. At the time, Maciaszek

was also under holds for alleged crimes committed in New Hampshire and Maine. Upon completion of his Florida sentence, Maciaszek was transported to New Hampshire, where he was convicted and sentenced for crimes committed there. During his incarceration in New Hampshire, Maciaszek sought disposition of his Indiana charges and, at his request, was transported to Indiana, where he pleaded guilty and was sentenced "with no credit for time served prior to sentencing." *Maciaszek*, 75 N.E.3d at 1091. Maciaszek was returned to New Hampshire, subject to an order to be transported back to Indiana after he served his New Hampshire sentence.

[16] Maciaszek subsequently petitioned unsuccessfully for additional jail time credit in Indiana for the period between the enactment of Indiana's hold and the imposition of his Indiana sentence. On appeal, we affirmed the trial court's denial of additional jail time credit as to Maciaszek's "request for presentence credit for actual time served or good time credit based on the time he spent incarcerated in Florida and New Hampshire prior to his extradition to Indiana[.]" *Id*. at 1095. As we reasoned:

> Although IC 35-50-6-3 states a defendant is allowed credit for time "confined awaiting trial or sentencing," we conclude the Legislature clearly intended the credit to apply only to the sentence for the offense for which the presentence time was served. Any other result would allow credit time for time served on wholly unrelated offenses. Under the criminal justice system, once convicted, the defendant must serve the sentence imposed for the offense committed. *Credit time allowed by legislative grace toward a specific sentence clearly must be for time served for the offense for which that specific sentence was imposed.*

*Id.* at 1093. Thus, we found that because Maciaszek's Indiana charges were unrelated to his Florida and New Hampshire convictions, the trial court did not err when it refused to award Indiana credit time to Maciaszek for the time he served in Florida and New Hampshire on unrelated charges.

[17] The instant case, like *Maciaszek*, is muddled by Kratzer's multiple periods of incarceration in different jurisdictions during the relevant period. As the trial court observed in its amended sentencing order, "[Kratzer] has been incarcerated elsewhere nearly all, if not all, of the time that has elapsed since he was released from the Dubois County Security Center [on June 17, 2014] to begin work release" and failed to return. Kratzer's Conf. App. Vol. II p. 160. Consistently with the relevant holding in *Maciaszek*, the trial court told Kratzer at the sentencing hearing in FB-821 and F6-901: "You only get credit for time that you served on this cause, or this jail"; "if you went somewhere to answer to another charge, if you ended up serving time on that, you get credit [ ] toward[ ] that cause, but you wouldn't get credit here"; "[i]f you had a hold it would have been out of another county[;] [a]ny time that you serve[d] as a result of that [other county's hold] would be applied towards that other county, not this county[.]" *Id.* at 244-46.

[18] The record on appeal is extremely convoluted and spans multiple periods of pretrial confinement in different jurisdictions. *See* Kratzer's Br. p. 15 ("It is evident that the two separate cases, extending over a six-year period (2013 to 2019), involving eight different jurisdictions, contributes to the difficulty in

precisely calculating credit time.") (footnote omitted). As Kratzer argues in his brief:

> . . .[T]he Record in this Case is in many instances, and perhaps charitably characterized, as muddled. A few examples out of several are that: . . . there is no evidence in the Record to precisely identify [the] time [that Kratzer spent incarcerated in Spencer County]; Vanderburgh County and Dubois Count[ies]' Work Release sentences seem to overlap; and Kratzer was arrested on December 24, 2014, November 10, 2015, and August 11, 2016, in unspecified Courts on charges with unspecified results . . . .

*Id*. at 19.

[19] That said, the record before us reveals the following: during the relevant period, Kratzer was subject to Indiana criminal charges in Perry, Spencer, and Vanderburgh Counties and criminal charges in Kentucky; and Kratzer was subject to holds in Vanderburgh County and Kentucky. The record further reveals that the majority of Kratzer's pretrial confinement pertained to offenses in other jurisdictions. Specifically, during the relevant period, Kratzer: (1) received 308 days of jail time credit regarding the Vanderburgh County offenses; (2) received a "time served" sentence regarding the Perry County offenses; and (3) fully served an aggregate three-year sentence for Kentucky convictions from December 2015 through April 2018, at which time he was returned to Dubois County custody.

[20] In determining Kratzer's eligibility for jail time credit from such a convoluted incarceration record, the trial court correctly declined to award jail time credit

to Kratzer for time that Kratzer clearly served in other jurisdictions on unrelated charges. *See Maciaszek*, 75 N.E.3d at 1093 ("Credit time allowed by legislative grace toward a specific sentence must be for time served for the offense for which that specific sentence was imposed."). Kratzer was, therefore, not entitled to jail time credit in the Dubois County cases based on his pretrial confinement in Vanderburgh and Perry Counties or in Kentucky. The record conclusively establishes that, after Kratzer was returned to Dubois County's custody in April 2018, Kratzer served periods of pretrial confinement in the Dubois County Security Center from April 8, 2018, to August 10, 2018; and from August 21, 2018, to March 28, 2019. Accordingly, the trial court properly granted Kratzer his jail time credit in Dubois County in FB-821. The trial court did not deny Kratzer jail time credit to which he was entitled.

## Conclusion

The trial court did not deny Kratzer jail time credit to which he was entitled. We affirm.

Affirmed.

Brown, J., and Altice, J., concur.